387 P.2d 25 (1963)
May DALLASTA, Isabelle S. Metcalfe and Robert M. Roberts, Plaintiffs in Error,
v.
DEPARTMENT OF HIGHWAYS OF the STATE OF COLORADO, State Highway Commission, Mark U. Watrous, Chief Engineer of the Department of Highways, and City and County of Denver, a Municipal Corporation, Defendants in Error.
No. 20684.
Supreme Court of Colorado, En Banc.
November 26, 1963.
Henry & Keating, Denver, for plaintiffs in error.
Duke W. Dunbar, Atty. Gen., Joseph M. Montano, Asst. Atty. Gen., John P. Holloway, Chief Highway Counsel, Denver, for defendants in error Department of Highways of State of Colorado, State Highway Commission, Mark U. Watrous, Chief Engineer of Department of Highways.
Robert S. Wham, Earl T. Thrasher, Denver, for City and County of Denver.
DAY, Justice.
We will refer to plaintiffs in error as plaintiffs and to the defendants in error as defendants, the order in which they appeared in the trial court.
Plaintiffs sought declaratory judgment in the district court of the City and County of Denver to have adjudicated as invalid City Ordinance No. 474, Series 1958. The ordinance is one which empowered the officials *26 of the City and County of Denver to enter into an agreement with the State Highway Department for the establishment of Interstate Highway No. 70 within and through the limits of the City and County of Denver. Plaintiffs alleged that as citizens, taxpayers and qualified electors they were instituting the suit for the reason that their property would be affected by the route chosen for the establishment of the highway.
Despite the fact that the complaint contained eighteen paragraphs and nineteen pages of narrative recital of the studies made on proposed alternate routes for said highway, the plaintiffs sought to have the court declare the ordinance invalid on the grounds: 1. That when Council enacted the ordinance the members of Council were subject to duress and coercion; 2. that an agreement referred to in the ordinance was not published in full although the ordinance itself was published; and 3. that the agreement referred to in the ordinance violated the municipal charter in that the Council's authority over streets and highways was delegated to the chief engineer of the Department of Highways of the State of Colorado to close certain streets or avenues.
To this complaint the defendants filed their motions to dismiss on the ground that it failed to state a claim upon which relief could be granted. This motion was granted. Plaintiffs elected to stand on their complaint as filed. The court then dismissed the action and dispensed with the necessity for filing a motion for new trial.
The question before this court is: Was it error for the district court to dismiss the action? We hold it was not.
Plaintiffs' argument is that the court was not in a position to determine the sufficiency of the claim without trial. They contend that the court did not have the charter nor the ordinance of the City and County of Denver before it at the time of the ruling and that only when such are introduced in evidence is the court in position to make a ruling either on the sufficiency of the complaint or to test the validity of the ordinance.
The sufficiency of a complaint is tested on the assumption that all matters well pleaded are to be taken as true. Then the court in effect asks: If the truth of the allegations of the complaint be admitted, can the plaintiff obtain the redress sought therein?
Examining this request for declaratory judgment on that principle, we look first at the allegation that City Council was subject to duress and coercion in enacting the ordinance. If this were true, it would not invalidate the ordinance. Plaintiffs, through counsel, admit to this court that they have no authority, nor can we find any, for the proposition that a legislative enactment is rendered invalid because members of the body may have been subject to some degree of coercion or duress. There are few legislative bodies which, in the process of enacting laws, have not been subjected to influence, argument and pressure by some person or group interested in the legislation in its initial stages. But the passage of an enactment by a body duly constituted and acting within its authority is not vitiated or rendered void by reason of well known "lobbying" activities in the legislative halls. Therefore, the court could not declare the ordinance invalid on this ground.
On the claim that the agreement which the city was authorized to enter into was not published in full in the ordinance, the real question is whether the charter of the City and County of Denver requires such publication. The court could take judicial notice of the charter of the City and County of Denver in ruling on the merit of the allegation. Bennett v. Shotwell, 118 Colo. 206, 194 P.2d 335. It was held in that case that this court also takes judicial notice of the charter of the City and County of Denver.
With the charter before it, the court ruled as a matter of law that there is no requirement in the charter that any contract which the city, through its officials, is authorized *27 to enter into, need be published in full. The ordinance is a grant of power to enter into the agreement, and the details of the agreement are not an essential to the validity of the ordinance. The ordinance itself was published as required.
The remaining allegation is that the agreement purports to delegate to the chief engineer of the Department of Highways the power to close certain streets and avenues. If this be true, it would not invalidate the ordinance empowering the city to enter into a contract. Assuming for the purpose of argument only that a portion of the agreement may be unenforceable without additional enabling legislation, it would not affect the particular ordinance under attack.
In summary, the court did not err in dismissing this action against the City and County of Denver. The court assumed the well pleaded matters to be true. Considering such matters within the four corners of the complaint and applying the law including the charter of the City and County of Denver, it concluded that the plaintiffs had no right to a declaratory judgment that the ordinance was invalid.
Searching the complaint for some particular allegations which refer to the defendant State Highway Department, we find that nowhere therein is there an allegation that would entitle plaintiffs to any relief from the determination by the Highway Department of the proposed route. The rather lengthy narrative consists of a statement of a belief on the part of the plaintiffs that the selection of the route is not the best or most desirable route for a variety of reasons and conclusions set forth in the complaint. One of the allegations of the complaint suggests a better location for the highway. Dispositive of all these allegations is the general principle of law that courts will not disturb decisions or determinations by public bodies charged with the duty as to location or alignment of highways or other public projects. The feasibility or practicability of the same and similar objectivesall of which relate to the necessity for the acquisition of a particular propertyis the agency's responsibility to determine. To invoke the judiciary there must be a showing of bad faith or fraud on the part of the acquiring agency. This rule has been uniformly recognized by this court, even where objection is raised in condemnation cases by the persons whose property is actually being taken. Mack v. Board of County Commissioners et al., 152 Colo. ___, 381 P.2d 987; Welch v. City and County of Denver, et al., 141 Colo. 587, 349 P.2d 352.
There are no allegations in this complaint of fraud or bad faith nor words remotely suggesting that the Highway Department was so motivated. The complaint in its entirety is nothing more nor less than a request that the court substitute its judgment for the judgment of the Highway Department, which, of course, it may not do.
The judgment is affirmed.