## No. 22871.

**THE COLORADO STATE BOARD OF LAND COMMISSIONERS** *v.*
**THE DISTRICT COURT IN AND FOR THE COUNTY OF JEFFER-
SON, HONORABLE GEORGE PRIEST, JUDGE, DOROTHY HUGINS,
ELEANOR HUGINS GASKIE, AND FRANK STANBRO AS
TREASURER OF JEFFERSON COUNTY.**

(430 P.2d 617)

Decided August 8, 1967.

Duke W. Dunbar, Attorney General, Joseph M. Montano, Assistant, for petitioner The Colorado State Board of Land Commissioners.

Hellerstein & Hellerstein, Kenneth L. Kleinsmith, for respondents The District Court in and for the County of Jefferson, Honorable George Priest, Judge, and Dorothy Hugins.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

This is an original proceeding and a brief statement of the events leading up to our issuance of a rule to show cause is essential to an understanding of the controversy.

The Colorado State Board of Land Commissioners, which will hereinafter be referred to as petitioner, filed a Petition in Condemnation in the District Court of Jefferson County, naming as respondents Dorothy Hugins and Eleanor Hugins Gaskie. By this petition, the petitioner sought to acquire through eminent domain certain tracts of land belonging to the respondents for the purpose of constructing a public highway leading to land owned by the petitioner. In its petition petitioner

alleged, among other things, that this particular right-of-way was "necessary" for the construction of the aforementioned highway.

In her answer Dorothy Hugins denied that the contemplated taking of her land was in anywise "necessary." In this regard she went on to allege that the proposed taking was neither "indispensable nor necessary to petitioner in order to afford access to the land and mineral rights described in the Petition as owned by the State of Co'orado." And in this same general connection she also alleged that the right-of-way sought by the petitioner would work "great inconvenience and hardship and unnecessary damage to this respondent and her property" and that the "ingress and egress" sought by the petitioner could be acquired by "other feasib'e routes."

On August 23, 1966 the issue of the compensation to be given respondents by petitioner for the land to be thus taken was scheduled to be tried to a jury of freeholders on March 23, 1967. On November 14, 1966 a hearing was held before the Honorable George G. Priest, a Judge of the District Court of Jefferson County, to determine whether Dorothy Hugins was entitled to a hearing on the issue of "necessity." On that date the trial judge ruled that the issue of necessity should be litigated, primarily to determine whether there were alternate routes available and directed that such hearing be held. Immediately thereafter petitioner filed a motion for reconsideration. This motion for reconsideration was denied by the court on March 21, 1967.

On March 22, 1967 petitioner filed with the trial court a motion to continue the jury trial, set for the following day, on the issue of compensation. This motion was denied.

It was in this setting, then, that the petitioner brought an original proceeding in this court, naming as respondents the District Court of Jefferson County, the Honorable George G. Priest, Dorothy Hugins, Eleanor Hugins

Gaskie, and Frank Stanbro, county treasurer. In its petition in this court petitioner claimed that the trial court under the circumstances lacked jurisdiction to order any hearing on the issue of "necessity."

Alternatively, if a hearing on necessity be deemed proper, the petitioner went on to allege that such a hearing should be held *before*, and not after, the trial on the issue of compensation. In other words, if a hearing on necessity be required, that hearing, according to the petitioner, should be held first. This is so, says the petitioner, because if it be unable to establish necessity, then there is no need for any jury trial on the issue of the compensation to be paid for the property, and in such circumstance a jury trial would then be but wasted effort. It was in this particular set of circumstances that petitioner claimed that it was without any plain, speedy and adequate remedy and therefore asked that under our superintending powers the original jurisdiction of this court be invoked.

It was in this general situation, with the trial court about to hold a jury trial on the issue of the fair market value of the land to be taken and at the same time deferring till a later date the hearing on the issue as to whether there was even any necessity for a taking of the property, that we issued a rule to show cause. Respondents have since filed their answer and the entire matter awaits our determination.

■ We are in accord with the position advanced here by the petitioner. Assuming that the trial court was correct in its determination that the issue of necessity be litigated, the insistence by the trial court that the issue of compensation be heard *before* the hearing on necessity is a bit difficult to understand, and would appear to be a rather classic example of putting the cart before the horse. If the petitioner cannot establish necessity, there will then be no need for a trial on the issue of compensation. All of which would strongly suggest in the interest of orderly procedure that the thresh-

old issue of necessity be resolved before there is any trial as to the value of the land to be taken.

■■ As noted, the foregoing comment presupposes that a hearing on necessity is required. Actually, we are of the view that under the circumstances the trial court erred in its determination that there be a hearing on the issue of necessity. It is well-settled law that in the absence of fraud or bad faith, the determination by a public agency as to the need, necessity and location of highways, or other public improvements, is final and conclusive and will not be disturbed by the courts. See, e.g., *Dallasta v. Department of Highways,* 153 Colo. 519, 387 P.2d 25; *Mack v. State Highway Commission,* 152 Colo. 300, 381 P.2d 987; and *Welch v. City and County of Denver,* 141 Colo. 587, 349 P.2d 352.

■■ Our analysis of the answer to the Petition in Condemnation filed by Dorothy Hugins in the trial court leads us to the conclusion that the matter of necessity is not here in issue. The issue cannot be raised by merely denying the allegation that the taking is necessary. Nor can it be raised by any conclusory pleading of "fraud and bad faith." See *Lavelle v. Julesburg,* 49 Colo. 290, 112 P. 774. Rather, it can only be raised by pleading facts which, if true, would amount to fraud or bad faith. In our view nothing contained in Hugins' entire answer equates to fraud or bad faith on the part of the petitioner and hence the answer is insufficient to place in issue the matter of necessity. In thus concluding, we are not unmindful of the contention that the petitioner is somehow guilty of fraud or bad faith because several years ago it brought an earlier condemnation proceeding wherein it also sought to acquire a right-of-way over respondents' property. This prior action, incidentally, was dismissed prior to the institution of the present condemnation proceeding. In any event, we are unable to fathom just how such adds up to fraud or bad faith.

The rule is therefore made absolute, and the trial court is directed to vacate its order setting the matter

of necessity for hearing and to then proceed to trial on the issue of compensation.

Mr. Chief Justice Moore not participating.