No. 25977

Arizona-Colorado Land & Cattle Company, an Arizona corporation v. The District Court in and for the Tenth Judicial District of the State of Colorado; Honorable Harper L. Abbot, District Judge in and for the Tenth Judicial District, State of Colorado, and Public Service Company of Colorado, a Colorado corporation

(511 P.2d 23)

Decided June 11, 1973.

Fonda, Hays, Farley, Abram & Shaw, P.C., Thomas J. Farley, for petitioner.

Lee, Bryans, Kelly & Stansfield, Richard W. Bryans, Alfred J. Hamburg, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In an action in the district court of Pueblo County, Public Service Company is seeking to condemn an easement for electric transmission lines. The proposed lines will extend 44 miles. Over half of the easement is to be located on property owned by the petitioner. The petitioner filed a motion in the district court to dismiss the proceeding for the reason that the petitioner would be injured unnecessarily by the proposed route, and would have far less injury if an alternate route across petitioner's lands were used. The motion was denied. Petitioner brought an original proceeding and we issued a rule to show cause. We now make the rule absolute.

In its petition here the petitioner stated:

"At the hearing for possession pendente lite *uncontradicted* evidence was given by Arizona-Colorado that the proposed route went through the middle of a proposed small town development similar to Pueblo West. That much work has gone into the plans; that the proposed route did a great deal of immediate damage to the property as an operating cattle ranch; that there were three alternative routes within the property that PS Co. could take — none of which would disturb the property as an operating ranch as much, and none of which would interfere with Arizona-Colorado's proposed development. One route would cost PS Co. 2 1/2% more; another 5%; another 5 1/2% more. This does not consider, according to the uncontradicted testimony, that the property along the alternative routes would be cheaper, thereby reducing the aforementioned percentage cost increase."

The trial court made the following conclusions of law in ruling on the motion:

"2. In absence of fraud or bad faith, the determination by a Public Agency as to the need, necessity, and location of highways or other public improvements is final and conclusive and will not be disturbed by the Courts. *Colorado State Board of Land Commissioners* v. *The District Court,* 163 Colo. 338, 430 P. (2d) 617 (1967). Furthermore, the issue cannot be raised by any conclusory pleading of 'fraud or bad faith', but only by pleading facts, which, if proved, would amount to fraud or bad faith. *State Board,* supra, p. 342 (Colo.). Neither in their pleading nor in their proof have Respondents complied with this rule of law."

The petitioner emphasized to us the statement in *Union Pacific Railroad Company v. Colorado Postal Telegraph-Cable Co.,* 30 Colo. 133, 69 P. 564 (1902):

"The discretion which the corporation may exercise in determining the route of its lines can not be interfered with in the absence of a showing of bad faith, a malicious motive, *or that the taking of a particular tract sought to be condemned would entail a great loss which might readily be avoided. In re N. Y. & H. R. Co.,* 46 N.Y., 546; *Cal. C. R. Co. v. Hooper,* 76 Cal., 404; *Chicago E. I. R. Co. v. Wiltse,* 116

Ill., 449; *Chicago W. I. R. Co. v. Dunbar,* 100 Ill., 110." (Emphasis supplied).

Our rule read as follows:

"A rule to show cause is granted, *i.e.,* to show cause why the rule of *Union Pacific R. R. Co. v. Colorado Postal Telegraph-Cable Co.,* 30 Colo. 133 at 142, 69 P. 564 ('the taking of a particular tract sought to be condemned would entail a great loss which might readily be avoided') should not be considered by the district court to be the law of Colorado applicable to private corporations having the right of eminent domain. The motion to dismiss shall be treated as an answer. . . ."

As the trial court inferred, a determination as to the location of a public improvement can be disturbed by the courts if there is fraud or bad faith by the corporation seeking to condemn. We are asked to approve the emphasized language in *Union Pacific, supra,* as an exception in addition to fraud and bad faith. This we do not do. However, we do hold that where the taking of a particular easement by a private corporation would entail a great loss to the landowner which might readily be avoided, the court *in limine* may consider this factor in determining whether the corporation is acting in bad faith. This is our interpretation of the quoted language from *Union Pacific, supra.*

This opinion is limited to the narrow issue of the selection of a route for an *easement* by a *private* corporation. If the rule is to be extended any further, it will have to be under further opinions.

The trial court found the pleading of the motion to dismiss to be insufficient. We have treated it as an answer and as having sufficiently pleaded the proposition asserted for the purpose of this opinion. However, this does not prevent the trial court from conditioning any further proceedings upon the filing of a more complete answer by the petitioner.

The rule is made absolute, and the trial court directed to conduct further proceedings consonant with the views herein expressed.

MR. JUSTICE ERICKSON dissents.