Nazareth GATES et al.,
Plaintiffs-Appellants,

United States of America,
Plaintiff-Intervenor-Appellant,

v.

John COLLIER et al.,
Defendants-Appellees.

No. 75–3686.

United States Court of Appeals,
Fifth Circuit.

March 18, 1977.

Rehearing Denied April 14, 1977.

Roy S. Haber, Boulder, Colo., Ronald R. Welch, Herman Wilson, David M. Lipman, Jackson, Miss., H. M. Ray, U. S. Atty., John R. Hailman, Asst. U. S. Atty., Oxford, Miss., Brian K. Landsberg, Judy E. Wolf, Dept. of Justice, Appellate Section,

Civil Division, Washington, D.C., for plaintiffs-appellants.

A. F. Summer, Atty. Gen., Paul Roger Googe, Jr., James M. Ward, Asst. Attys. Gen., Jackson, Miss., for defendants-appellees.

Before TUTTLE, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This appeal was argued and submitted to the Court on May 10, 1976. It arises from an order of the trial court which granted substantial relief at the behest of the individual parties and of the United States as intervenor with respect to the operation of the prison system of the State of Mississippi. The appeal was based upon a complaint that the trial court's orders that had been entered in August and October, 1975 while properly finding existing conditions violated the constitutional rights of the individual plaintiffs and the class they represented, failed to grant fully adequate relief.

The delay in disposing of this appeal results from the fact that the trial court retained jurisdiction over the cause, which was fully in accord with proper procedures in a case of this kind, in order that the plaintiffs might move for further or faster relief at any time under the supervision of the district court. The extent of the challenges to the method of operating the state prison system and the judge's extensive findings in support of many of these allegations were first spread upon the record in *Gates v. Collier,* 349 F.Supp. 881 (D.C.1972). The judgment of the trial court was affirmed by this Court in *Gates v. Collier,* 501 F.2d 1291 (5th Cir. 1974).

Following a motion by private plaintiffs seeking further relief on December 13, 1974, the trial court issued a further opinion which is reported at 390 F.Supp. 482 (D.C. 1975). There, the court found that: "[d]espite continuing progress at Parchman in certain areas, serious problems remain in others, often with constitutional significance."

Thereafter, the trial court entered an order requiring the defendants within 60 days to submit a plan for the reduction of the inmate population and the elimination of residential camps unfit for human habitation. *See* appendix 1 to the court's memorandum opinion, 390 F.Supp. at 490. Following the submission of the required plans, the private plaintiffs objected and an evidentiary hearing was held on August 6 and 7, 1975. The United States, as intervenor, participated in the hearings. By order of August 7, the court ordered that the two worst camps be closed by July 1, 1976; that two be closed by January 1, 1977; that two more be closed by July 1, 1977. The court also prescribed maximum capacities for the remaining camps, to be carried out by January 1, 1977. The court also ordered an end to certain uses of the "dark hole."

This appeal, then, complains that the relief granted by the trial court did not bring a prompter end to the use by the state of facilities that it had already found to be unfit for human habitation.

Immediately following the submission of this case on May 10, 1976, the trial court on June 7, *sua sponte* issued an order requiring defendants to submit a plan "implementing [the district court's] order of August 7, 1975 . . . [and including] intermediate target dates—prior to January 1, 1977—for a phase-in of compliance" and scheduling an evidentiary hearing for August 16, 1976, on said plan together with plaintiffs' objections and counter proposals. Following the filing of plans and noting the opposition thereto and upon consideration of argument and briefs, the court entered a further order on November 19, 1976. This order substantially mooted the issues urged on appeal in the pending case. While we recognize that the trial court allowed some conditions which it determined were in violation of prisoners' constitutional rights to remain until April 1, 1977, the judgment it made appears to strike a rational balance between the interests of society and the prisoners. It offers the strongest incentives for

state elimination of deficiencies under the newly established Department of Corrections. At the same time, the judgment compels the promptest action reasonably possible. To the extent the present appeal has not been mooted by subsequent actions of the district court, the order appealed from is affirmed and the cause is remanded to the district court with directions to continue the implementation of conversion to a constitutionally permissible penal system.

We note the same substantial relief in the direction sought by the appellants and the United States as intervenors in this present appeal has been granted by the district court during the pendency of this action. We believe, therefore, that the appellants are entitled to their costs on the appeal, which we have doubtless enhanced somewhat by our intermediate instructions to the parties to file memoranda following each of the trial court's hearings held subsequent to submission of this case on appeal.

AFFIRMED AND REMANDED WITH DIRECTIONS.