## No. 27918

**Charles Wesson, on behalf of himself and all others similarly situated v. Bert J. Johnson, Sheriff of Adams County**

(579 P.2d 1165)

Decided June 12, 1978.

Jonathon B. Chase, for plaintiff-appellant.

Paul Q. Beacom, District Attorney, Robert J. Braswell, Assistant, Marc P. Mishkin, Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is a class action brought pursuant to 42 U.S.C. §1983 (1970), whereby plaintiff claims that he and all other pretrial detainees in the custody of the defendant in the Adams County Jail have been denied their constitutional right to a program of contact visitation. The trial court held that there was a constitutional right to contact visitation but that security requirements precluded implementation of such a program in the Adams County Jail. We reverse the judgment of the trial court.

Persons in the plaintiff's class are detained in jail awaiting trial on criminal charges. These are persons who, under our American system of justice, are presumed to be innocent of any crime and who, if they had sufficient funds, would be free on bail enjoying freedom while awaiting trial.[1]

---

[1] The Colorado Constitution guarantees to each person the right to bail except for capital offenses. *Colorado Constitution,* Article II, Section 19.

The sole purpose of their detention is to secure their presence at trial. *See, Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); *Lucero v. District Court of the Twelfth Judicial District,* 188 Colo. 67, 532 P.2d 955 (1975); *People v. Sanders,* 185 Colo. 153, 522 P.2d 735 (1974); and *People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971).

With these general observations in mind, we turn now to the claim that there is a constitutional right to contact visitation for pretrial detainees. The right to touch, see and hear visitors has an important psychological impact upon persons who are confined. Further, family relationships have been held to be entitled to protection under the United States Constitution. *See, e.g., Zablocki v. Redhail,* 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978); *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1971); *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Any restrictions upon pretrial detainees must be narrowly drawn so as to minimally interfere with such a relationship. On this point, the following language from *O'Bryan v. County of Saginaw, Michigan,* 437 F.Supp. 582 (E.D. Mich. 1977) is instructive:

"The right to contact visitation is inherent in the least restrictive means test which must be applied to pretrial detainees. As this Court recognized in the *Bay County Jail Inmates* case, the general rule is that a pretrial detainee should be able to visit with whomever he or she pleases in the most conducive setting possible for substantial periods each week. *Jones v. Wittenberg, supra,* 330 F.Supp. at 717. This right takes on increased meaning where visitation with family members is involved. Family relationships are closely protected by the United States Constitution. The family relationship involves a zone of privacy emanating from the recognition that such relationships are fundamental in our societal and political system.

"Accordingly, the relationship is protected by the right of association as guaranteed by the First Amendment and is embodied in the concept of liberty as guaranteed by the due process clause of the Fourteenth Amendment. Any infringement on such rights are forbidden unless such infringement is necessitated by a compelling state interest. *See, Mabra v. Schmidt,* 356 F.Supp. 620, 630-632 (WD Wis., 1973).

"It is these considerations and the importance of visitation rights on an inmate's well being and prospects of rehabilitation which have led the Courts to conclude that denial of contact visitation to jail inmates is unconstitutional as a matter of law unless such is justified in a particular

case by the need to preserve jail security or discipline."[2]

We hold that contact visitation can only be denied when mandated by a substantial state interest such as, for example, the security requirements of the detention facility. When a facility has not established a general program of contact visitation the burden is on the state to prove that the security of the institution precludes the operation of such a program. *Accord, United States ex rel. Wolfish v. Levi,* 406 F.Supp. 1243, 1247 (S.D.N.Y. 1976). The state cannot meet this burden if with reasonable expenditures physical aspects of the building could be altered or additional personnel could be hired so as to enable the facility to operate a contact visitation program without impairing security. *See, e.g., Detainees of the Brooklyn House of Detention for Men v. Malcolm,* 520 F.2d 392 (2nd Cir. 1975); *Gates v. Collier,* 423 F.Supp. 732 (N.D. Miss. 1976), *aff'd* 548 F.2d 1241 (5th Cir. 1977).

This in no way limits the right of the state to deny contact visitation to individual detainees who present a threat to the security of the institution and also to deny this right to all detainees in certain emergency situations when the security of the institution might be impaired.

In the case before us, all pretrial detainees were denied all contact visitation. The trial court found that such a program was precluded by the security requirements of the Adams County Jail. But the evidence before the trial court clearly shows that some areas in the jail could be used for contact visitation without impairment of security. The evidence suggests that additional personnel might be needed to operate a contact visitation program but there was no evidence to show such additional personnel would create an unreasonable financial burden upon the county. As we noted above, reasonable expenditures must be made in order to ensure that pretrial detainees are accorded their constitutional rights. Thus, under the law, the evidence does not support the trial court's finding that a contact visitation program would impair the security of the jail.

Accordingly, we reverse the trial court and remand the case to it to order the respondent to permit contact visitations in accordance with the views expressed herein.[3]

---

[2] Most courts which have considered the question of whether a program of contact visitation should be established for pretrial detainees have required that such a program be established on the basis that there is a constitutional right to such visitation or that there is a constitutional right to be free from all restrictions except those necessary for confinement. *See, e.g., Miller v. Carson,* 563 F.2d 741 (5th Cir. 1977); *Rhem v. Malcolm,* 507 F.2d 333 (2nd Cir. 1974); *O'Bryan v. County of Saginaw, Michigan,* 437 F.Supp. 582 (E.D. Mich. 1977). *Compare, Feeley v. Sampson,* 570 F.2d 364 (1st Cir. 1978), which while finding that any restrictions on pretrial detainees must bear a reasonable relationship to the purpose of producing the detainee at trial, specifically held that pretrial detainees have no constitutional right to contact visitation.

[3] It is not a court's function to set out the specifics of a reasonable contact visitation program. That is the function of the authorities at the jail.

MR. JUSTICE ERICKSON does not participate.