CITY OF ARVADA, Colorado, a municipal corporation, Plaintiff-Appellee,

v.

CONCRETE CONTRACTORS, INC., and American Employers' Insurance Company, Defendants-Appellants.

No. 79CA0074.

Colorado Court of Appeals,
Div. II.

Aug. 9, 1979.

Rehearing Denied Sept. 6, 1979.

Certiorari Granted Nov. 5, 1979.

Benjamin King, Deputy City Atty., Arvada, for plaintiff-appellee.

Daniel, McCain & Brown, Edward A. Brown, Brighton, for defendants-appellants.

VAN CISE, Judge.

Defendants, Concrete Contractors, Inc. (C.C.I.), and American Employers' Insurance Company (the bonding company), appealed from the trial court's order that C.C.I. concrete line or pipe the Bayou Ditch, running through its property, or judgment will enter on the amount of $23,000 in favor of plaintiff, City of Arvada (the city). We dismiss the appeal.

C.C.I. built an apartment building in Arvada, Colorado. When the city granted the building permit, the builder was informed that no certificate of occupancy would be issued until C.C.I. lined or piped the Wolfe and Bayou Ditches running through its property. The Wolfe Ditch was piped, and there is no problem concerning it. When C.C.I. had nearly completed the apartment building, it applied for a certificate of occupancy, which the city refused to issue until the Bayou Ditch was lined or piped.

**76**

To accommodate C.C.I. in obtaining permanent financing, the city agreed to issue the certificate of occupancy in exchange for C.C.I.'s promise to do the ditch work on or before May 1, 1975, and to post a $23,000 performance and payment bond. C.C.I. agreed to do the work and it and the bonding company executed the bond in the required amount. Two work extensions were granted by the city. It was only after the period of the second extension had expired that C.C.I. challenged the authority of the city to require the ditch work.

When C.C.I. failed to do the work and the bonding company refused to perform, the city commenced this action against both defendants. They defended the action on a claim that the contract and bond were void by reason of duress and lack of consideration.

After trial to the court, it concluded that the city had the authority to refuse a certificate of occupancy until provision was made for the Bayou Ditch, and that, accordingly, the agreement to complete the ditch was a valid and binding contract.

On appeal, defendants contend: (1) that the police power imposing the burden of lining or piping the ditch through private property must be exercised by the adoption of an ordinance rather than by a resolution; (2) that even if a valid resolution would be legally sufficient, the city did not have in effect at the relevant time a proper resolution requiring the owner of private property to line or pipe the ditch of a private ditch company; and (3) that the agreement and bond are void for lack of consideration and because they were executed under duress. In support of their contentions, they refer to § 5.7 of the city charter and to resolution No. 73-16 and ordinance No. 980 [or 920], none of which are contained in the record on appeal or in the stipulation of facts filed with and relied upon by the trial court.

It is the appellant's duty to provide this court with a record on appeal disclosing error by the trial court. In the absence of such record, the judgment is presumed to be correct. *Cole v. Kyle*, 141 Colo. 492, 348 P.2d 960 (1960). This court will not take judicial notice of municipal ordinances or resolutions, *see City of Pueblo v. Murphy*, 189 Colo. 559, 542 P.2d 1288 (1975), or of a city engineer's construction standards. *See In Re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977). Although in some instances courts do take judicial notice of the provisions of a city charter, *Dallasta v. Department of Highways*, 153 Colo. 519, 387 P.2d 25 (1963); *Bennett v. Shotwell*, 118 Colo. 206, 194 P.2d 335 (1948), in this instance there is no showing in the record as to such being done by the trial court, or even being requested, nor is any text furnished to assist in this review.

There being no basis in the record for us to determine whether the trial court erred, we presume that its judgment was correct.

Appeal dismissed.

PIERCE and BERMAN, JJ., concur.