**No. 79SA462**

**Charles Wesson, on behalf of himself and all others similarly situated v. Honorable Abraham Bowling**

(604 P.2d 23)

Decided December 17, 1979.

Jonathon B. Chase, for petitioner.

S. Morris Lubow, County Attorney, Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for respondent.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

In this original proceeding, petitioner seeks a writ of mandamus to compel the district court[1] to enter a written order complying with the mandate of this court as announced in *Wesson v. Johnson,* 195 Colo. 521, 579 P.2d 1165 (1978). We issued a rule to show cause and now discharge that rule.

The *Wesson* case was concerned with the question of whether pretrial detainees were constitutionally entitled to a program guaranteeing them contact visitation rights. The trial court held that there was a constitutional right to contact visitation but that security requirements at the jail precluded the implementation of such a program. We disagreed in part with this conclusion, emphasizing that with reasonable expenditures for additional administrative personnel, an adequate contact visitation program could be maintained using existing jail facilities. Accordingly, we remanded the case to the trial court with instructions to order the county sheriff to implement an appropriate program.

Soon after the decision of this court was announced, the county authorities submitted proposed regulations for administering a program of contact visitation. On February 22, 1979, the respondent court held a hearing to determine whether the proposed regulations would satisfactorily implement an acceptable program. Both petitioner and the county authorities were represented at this hearing. Petitioner's counsel objected to certain aspects of the regulations. The trial court ruled in favor of petitioner on some of these objections and ordered that certain amendments and alterations be made to the proposed regulations. The trial court then concluded that the regulations, as amended, satisfactorily guaranteed the kind of program which would comply with the mandate of this court.

On February 23, 1979, a minute order was issued which memorialized the proceedings of the previous day. Finally, on March 1, 1979, the complete, revised set of regulations, incorporating the changes required by the minute order, was submitted to and approved by the trial court.

The question raised by this petition is whether the minute order is effective as a "written order" binding the county authorities to carry

---

[1] One of the attorneys for the respondent points out that the petition for writ of mandamus identifies as the only respondent, the "Honorable Abraham Bowling." In proceedings of this type, the district court and the district court judge, acting in his capacity as judge, should be named as the appropriate respondents. See C.A.R.21; *James v. James,* 95 Colo. 1, 32 P.2d 821 (1934). However, because we have decided this case on other grounds, we have chosen to disregard this procedural error.

out the contact visitation program. *See* C.R.C.P. 58(a)(2). We hold that it is.

We have previously held that a decision entered on the minutes is effective as a judgment. *Jones v. Galbasini,* 134 Colo. 64, 299 P.2d 503 (1956). Despite this fact, petitioner contends that the trial court's failure to restate the approved regulations in a written order somehow permits the county authorities to ignore the regulations and, in turn, the mandate of *Wesson,* without fear of possible contempt sanctions. This contention is without merit.

■ Both parties attended the hearing of February 22 and therefore knew and understood the substantive content of the decision represented by the minute order. It follows, legally as well as logically, that the county authorities must be considered bound to implement the amended contact visitation program approved therein. We think it significant to add that, from the record before us, it appears that the program is indeed being faithfully executed.

Accordingly, we are of the opinion that the respondent court has properly carried out the mandate of this court as announced in the *Wesson* case. We therefore discharge the rule as improvidently issued.