Charles WESSON, on behalf of himself and all others similarly situated, Plaintiff-Appellant,

v.

Bert J. JOHNSON, Sheriff of Adams County, Defendant-Appellee,

and

Board of County Commissioners of the County of Adams, State of Colorado, Intervenor.

No. 79CA1021.

Colorado Court of Appeals, Div. I.

Oct. 2, 1980.

Rehearing Denied Oct. 30, 1980.

Certiorari Denied Jan. 5, 1981.

Jonathon B. Chase, Boulder, for plaintiff-appellant.

S. Morris Lubow, Brighton, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Charles Wesson, on behalf of himself and all others similarly situated, appeals a judgment by the trial court denying his application for award of attorney's fees made pursuant to 42 U.S.C. § 1988 (1979 Supp.). We affirm.

This was a class action, begun in October 1975, seeking to establish the right of contact visitation for pre-trial detainees held in custody in the Adams County jail. Attorney's fees were not asked for in the complaint or amended complaint. The trial court initially denied most of the relief sought, but was reversed in *Wesson v. Johnson*, 195 Colo. 521, 579 P.2d 1165 (1978).

On remand, the county authorities submitted to the trial court proposed regulations for administering a contact visitation program, and plaintiff filed his objections thereto. The court noticed the parties in for hearing, and asked that any matters counsel intended to bring up be submitted to the court in advance. The hearing was conducted on February 22, 1979, with plaintiff and the county authorities represented. The subject of attorney's fees was not mentioned either before or at this hearing.

An oral order regarding certain changes to be made in the proposed regulations was issued at the conclusion of the hearing, and a minute order was entered to the same effect the following day, February 23. On March 1, the complete, amended set of regulations, incorporating the required changes, was adopted by the defendant and approved by the trial court.

On March 22, claiming he was entitled thereto pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988 (1979 Supp.) (the Fees Act), plaintiff submitted his application for award of attorney fees. The Fees Act provides in pertinent part:

"In any action or proceeding to enforce a provision of . . . 42 U.S.C. § 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

After a hearing, the trial court, on August 30, denied the application. In so ruling, the court held that it had entered a final judgment in the case on February 23, 1979; that the judgment was silent as to costs; that a judgment silent as to costs constituted denial of costs; that since, under the Act, attorney's fees are to be taxed "as costs," attorney's fees were denied in the judgment; and that since plaintiff failed to file a motion to amend the judgment within the 15 days allowed by C.R.C.P. 59, the court lost jurisdiction to hear plaintiff's application for attorney's fees.

On September 11, plaintiff filed motions to amend the judgment, for relief from judgment, and for entry of a written order. These motions were denied October 1, and plaintiff filed his notice of appeal October 25.

After the appeal was docketed in this court, proceedings were stayed pending the disposition of plaintiff's petition for a writ of mandamus, filed in the Supreme Court, in which he sought an order compelling the trial court to grant the motion for entry of a written order. This petition was denied, the Court ruling that the minute order of February 23 was the final judgment and was sufficient to provide a basis for a con-

tempt citation should the defendant sheriff fail to adhere to the contact visitation plan approved by the trial court. *Wesson v. Bowling*, Colo., 604 P.2d 23 (1979).

The primary issue on this appeal is whether the trial court erred in holding that, at the time of the filing of the application for fees, it had no jurisdiction to hear or grant the fee request. We agree with the trial court.

The judgment in this action was final on February 23. *Wesson v. Bowling, supra.* That judgment contained no order relating to costs. As determined by the court entering the judgment, that omission constituted a direction by it that no costs, including attorney fees, were allowed. *Grange Mutual Fire Insurance Co. v. Golden Gas Co.*, 133 Colo. 537, 298 P.2d 950 (1956). Therefore, the February 23 judgment was a final disposition leaving nothing more to be done. *Grange, supra.*

Plaintiff's application for attorney's fees, which here we consider as in effect a C.R.C.P. 59(e) motion to amend the February 23 judgment, was filed more than 15 days after the entry of that judgment. His subsequent motion to amend and his C.R.C.P. 60(b) motion for relief from judgment were filed more than six months after entry of judgment. Under these circumstances, the trial court had no jurisdiction to hear, much less grant, these motions. *Atlas Construction Co. v. District Court*, 197 Colo. 66, 589 P.2d 953 (1979); *Janicek v. Hinnen*, 34 Colo. App. 68, 522 P.2d 113 (1974).

Plaintiff contends, however, that even if a judgment which omits costs can be construed as a denial of costs under Colorado law, attorney's fees should still be awarded on the basis of federal law. We do not reach this issue.

The issue of timeliness of a fee request under 42 U.S.C. § 1988 has been considered by the Fifth and First Circuit Courts of Appeals, with conflicting results. In *Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980), the court affirmed a grant of attorney fees applied for two months after entry of the primary judgment, on the basis that

in the Fees Act attorney's fees were part of costs and under Fed.R.Civ.P. 54 and Fed.R. Civ.P. 58 costs could be taxed at any time after judgment. In *White v. New Hampshire Department of Employment Security,* 629 F.2d 697 (1st Cir., 1980), in which the motion for fees under the Fees Act was made four and one-half months after the entry of a consent decree, the court refused to follow *Knighton.* It held that the request had to be made prior to judgment or within the time prescribed under Fed.R. Civ.P. 59(e) for altering or amending judgment, because, unlike costs assessed routinely after judgment, the fee issue belonged "within the main body of the already commenced civil rights action." However, contrary to the instant case, in neither of these federal cases had a judgment been entered which was interpreted by the trial court to constitute a denial of costs.

Plaintiff's other contentions are included in our discussion on the primary issue or are without merit.

Judgment affirmed.

COYTE and KIRSHBAUM, JJ., concur.