636 P.2d 715 (1981)
George E. SHAKLEE and Zelda A. Shaklee, Petitioners,
v.
The DISTRICT COURT In and For the COUNTY OF WELD, State of Colorado, and the Honorable John J. Althoff, one of the Judges thereof, Respondents.
No. 81SA148.
Supreme Court of Colorado, En Banc.
November 16, 1981.
Rehearing Denied November 30, 1981.
*716 Wm. Albion Carlson, Greeley, for petitioners.
Kelly, Stansfield & O'Donnell, Donald D. Cawelti, Denver, for respondents.
HODGES, Chief Justice.
In this original proceeding, we issued a rule to show cause why the order of the respondent district court granting Public Service Company of Colorado (Public Service) immediate possession pendente lite of certain real property owned by petitioners, Shaklee, should not be vacated. The order granting immediate possession was stayed by this court pending our disposition. We now rule that that order be vacated, and thus we make the rule absolute.
Public Service filed a petition in eminent domain in the respondent district court seeking to acquire by condemnation two parcels of land owned by petitioners. Public Service alleged that the property is required for the construction of an electric transmission line. Public Service also sought an order for immediate possession pendente lite of the property, pursuant to the provisions of section 38-5-106, C.R.S. 1973 (1980 Supp.). Petitioners resisted condemnation and filed a motion to dismiss the petition in eminent domain. Petitioners' principal contention in opposition to condemnation is that the land being sought by Public Service will not be used for a public purpose as required by Colorado's Constitution, but is intended for the construction of a power line for the alleged private and sole use of Adolph Coors Company. Colo. Const. Art. II, sec. 14 states:
"Private property shall not be taken for private use unless by consent of the owner, except for private ways of necessity, and except for reservoirs, drains, flumes or ditches on or across the lands of others, for agricultural, mining, milling, domestic or sanitary purposes."
During the hearing on the motion for an order of immediate possession, petitioners urged repeatedly that the respondent district court consider the question of whether the proposed use is a "public use" within the meaning of the Colorado Constitution. Colo. Const. Art. II, sec. 15 provides in relevant part:
"Private property shall not be taken or damaged, for public or private use, without just compensation.... [W]henever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question...."
In declining to consider the issue of public use, the respondent district court stated:
"The only matter before the Court today is immediate possession and the amount of money that [Public Service] will be required to deposit as a condition of immediate possession, not those matters that you have raised at this state; and I think improperly, by the method you have chosen.
This Court is not making any rulings on necessity or on public use.... [T]oday we are here for one reason, and that is to require [Public Service] to deposit as a condition of immediate possession."
The parties subsequently agreed by stipulation to an amount of money to be deposited by Public Service, see section 38-5-106, C.R.S. 1973 (1980 Supp.), and at the conclusion of the hearing the trial judge signed an order awarding immediate possession pendente lite to Public Service.
Under Articles 1, 2, and 5 of Title 38, C.R.S. 1973, Public Service is authorized to acquire by condemnation interests in real property from private owners, provided, inter *717 alia, that the purpose for which the condemned property is sought is determined to be a public purpose. Colo. Const. Art. II, sec. 14; see also Potashnik v. Public Service Co. of Colorado, 126 Colo. 98, 247 P.2d 137 (1952). The question of whether a contemplated use is a public use is an issue for judicial determination. Colo. Const. Art. II, sec. 15 and Potashnik v. Public Service Co. of Colorado, supra.
In this case, Public Service has attempted to invoke the provisions of section 38-5-106, C.R.S. 1973 (1980 Supp.), to obtain immediate possession of the petitioners' property. That statute provides, in pertinent part:
"At any time after jurisdiction has been obtained ..., the petitioner [seeking condemnation], upon notice to the respondent [landowner] ..., may move for an order for immediate possession. Upon such motion and after hearing, the court... may authorize the petitioner, upon payment into court or to the clerk thereof the amount determined by the court as probably sufficient to pay the sum that may ultimately be awarded as compensation and damages for the taking, if not in possession to take possession of such right-of-way, and if already in possession to maintain and keep such possession, and in all cases to use and enjoy such right-of-way during the pendency and until the final conclusion of such proceedings.... At such hearing for immediate possession, the court shall hear and dispose of all objections that are raised at that time concerning the motion for immediate possession, the legal sufficiency of the petition, or the regularity of the proceedings in any other respect." (Emphasis added.)
Petitioners resisted the grant of immediate possession in the respondent district court, because that court had not and would not first consider and dispose of the petitioners' objection to the condemnation.
In Potashnik v. Public Service Co. of Colorado, supra, this court held that an order granting immediate possession pendente lite could only be granted in those cases where an order of condemnation could be properly entered. In that case, it was specifically held that:
"The general right of eminent domain, under our Constitution, depends upon, first, legislative authority and, second, judicial approval of the purpose as a public use."
Accord, Buck v. District Court, Colo., 608 P.2d 350 (1980). See also Larson v. Chase Pipe Line Co., 183 Colo. 76, 514 P.2d 1316 (1973).
In the instant case, the respondent district court did not deny petitioners' right to a judicial determination of whether the proposed use of the land sought by Public Service is a public use, but ruled that such a determination need not be made prior to an award of immediate possession pendente lite. The issue of public use raised by the petitioners in this case should have been resolved by the respondent district court before it ruled on Public Service Company's motion for immediate possession pendente lite.
Public Service may not lawfully acquire immediate possession of any property pursuant to section 38-5-106, C.R.S. 1973 (1980 Supp.), unless that property could be lawfully acquired by the exercise of eminent domain. Potashnik v. Public Service Co. of Colorado, supra. One prerequisite to the lawful exercise of the power of eminent domain is that the use contemplated by the condemning party be a public use. Colo. Const. Art. II, sec. 14. When the issue of public use is raised as it was in this case, it must be determined judicially. Because petitioners' land could not lawfully be condemned pending a judicial determination of the issue of public use, neither may immediate possession pendente lite be awarded. Potashnik v. Public Service Co. of Colorado, supra.
Section 38-5-106, C.R.S. 1973 (1980 Supp.), will not be construed to short-circuit the orderly procedure to be utilized in matters of eminent domain. The final sentence of that statute states: "At such hearing for immediate possession, the court shall hear and dispose of all objections that are raised *718 at that time concerning the motion for immediate possession...." We interpret this statutory language as a clear mandate to the respondent district court in this case to determine the issue of public use prior to awarding immediate possession pendente lite to Public Service. See generally Interstate Trust Bldg. Co. v. Denver Urban Renewal Authority, 172 Colo. 427, 473 P.2d 978 (1970).
Our review of the record reflects that, although the petition which initiated this original proceeding did not list the Weld County District Court or the Honorable John J. Althoff as parties, and did not request relief with respect to them, our rule to show cause issued April 9, 1981, was directed to "Clerk of the District Court, Weld County, Honorable John J. Althoff, District Court Judge." The record reflects it was also served on them. Thus the court and judge had notice and an opportunity to respond. The named respondent Public Service Company of Colorado is a party to the underlying proceeding and is the party whose interests are adversely affected by making the rule absolute.
Under these circumstances, the failure to name the court and judge as respondents in the caption is a technical defect at most and was appropriately remedied by later correction of the caption on this court's own motion. There is no jurisdictional defect here.
Accordingly, we make our rule absolute by directing that the order for immediate possession pendente lite be vacated. The cause is returned to the respondent district court for continuation of proceedings in consonance with the views expressed herein.
ERICKSON and QUINN, JJ., dissent.
ERICKSON, Justice, dissenting.
I respectfully dissent.
An original proceeding is the proper method for determining the validity of an order granting immediate possession to the condemnor. Larson v. Chase Pipe Line, 183 Colo. 76, 514 P.2d 1316 (1973). The petitioners in this case denominated their petition in the nature of certiorari, and failed to name indispensable parties pursuant to C.R. C.P. 19. This is not a certiorari proceeding and the record before us demonstrates that the petitioners' assertions of error are buttressed only by bald conclusions which are not factually supported by the record. The petition requested that we order the respondent, Public Service Company, to show cause why the order for immediate possession should not be vacated. No relief was sought against the district court or the district judge. Our order directed the respondent, Public Service Company, to show cause why the relief requested in the petition should not be granted. The majority opinion grants relief in the nature of mandamus against parties that have never entered an appearance in this Court.
The respondent named in the petition was the Public Service Company of Colorado. Neither the District Court in and for the County of Weld and State of Colorado, nor the Honorable John J. Althoff, who was the judge of the district court who entered the order for immediate possession, were named as parties. The failure to include indispensable parties requires dismissal. James v. James, 95 Colo. 1, 32 P. 821 (1934); Wesson v. Bowling, 199 Colo. 30, 604 P.2d 23 (1979). On July 30, 1981, after the answer to the rule to show cause was filed, and long after the reply was filed, the caption was amended on this Court's own motion to include the indispensable parties. No opportunity was given to the newly named respondents to answer or to otherwise plead. This original proceeding ended when the Public Service Company was in effect dismissed by being stricken as the respondent. The newly named parties have not appeared in this Court and are not subject to our jurisdiction.
Petitioners had the burden of proving that the taking was not for a public purpose. See Waynesburg Southern Railroad Co. v. Lemley, 154 W.Va. 728, 178 S.E.2d 833 (1979);[1]City of Eldorado v. Kidwell, *719 236 Ark. 905, 370 S.W.2d 602 (1963); J. Sackman Nichols' The Law of Eminent Domain § 7.41 (3d ed. 1981). Moreover, the district judge did not foreclose the petitioner from filing a proper pleading to raise the issue of public use and necessity. The court granted the petitioners the opportunity to have a hearing on the issue of public purpose and necessity when proper pleadings were filed. Section 38-5-106, C.R.S. 1973 (1980 Supp.) provides:
"At any time after jurisdiction has been obtained pursuant to section 38-1-103, the petitioner, upon notice to the respondent pursuant to the Colorado rules of civil procedure, may move for an order for immediate possession. Upon such motion and after hearing, the court, by rule in that behalf made, may authorize the petitioner, upon payment into court or to the clerk thereof of the amount determined by the court as probably sufficient to pay the sum that may ultimately be awarded as compensation and damages for the taking, if not in possession to take possession of such right-of-way, and if already in possession to maintain and keep such possession, and in all cases to use and enjoy such right-of-way during the pendency and until the final conclusion of such proceedings, and the court may stay all actions and proceedings against such petitioner on account thereof. Withdrawal from the sum so deposited may be had as provided in section 38-1-105 (6)(b). At such hearing for immediate possession, the court shall hear and dispose of all objections that are raised at that time concerning the motion for immediate possession, the legal sufficiency of the petition, or the regularity of the proceedings in any other respect."
In my view, the General Assembly, in setting out the procedure for obtaining immediate possession, did not rob the trial judge of the discretion to determine that the pleadings were insufficient to raise issues that the respondent has asserted as a basis for thwarting the petitioners' efforts to obtain immediate possession. The deposit representing the value of the land is sufficient to protect the landowner against damage which results from the order granting immediate possession.
In this case, the petitioners can claim no more than a denial of the right to have their conclusory assertions as to necessity and public use determined at the immediate possession hearing. The court did not foreclose resolution of the issues raised by the petitioners, but declared the pleadings to be inadequate to raise the issue. The assertion that the Public Service Company was condemning the petitioners' land to provide electric power to a Coors project, could all but be resolved against the petitioners on the record which is before us. The Public Service Company, in providing electric power to the public, necessarily makes the power available for the personal use of the person receiving the service. No user would honor his Public Service Company bill if he did not receive the personal use of the itemized electric power set out in the bill or statement.
Allegations in a motion to dismiss which merely deny necessity for the taking are insufficient. See section 38-6-105, C.R.S. 1973 (1980 Supp.), which substantially restricts the right to question the necessity of *720 the taking.[2] In my opinion, the same rule should be applied to allegations that condemnation is not for a public use. In Colorado State Board v. District Court, 163 Colo. 338, 430 P.2d 617 (1967):
"It is well-settled law that in the absence of fraud or bad faith, the determination by a public agency as to the need, necessity and location of highways, or other public improvements, is final and conclusive and will not be disturbed by the courts. See, e. g., Dallasta v. Department of Highways, 153 Colo. 519, 387 P.2d 25; Mack v. State Highway Commission, 152 Colo. 300, 381 P.2d 987; and Welch v. City and County of Denver, 141 Colo. 587, 349 P.2d 352.
"Our analysis of the answer to the Petition in Condemnation ... leads us to the conclusion that the matter of necessity is not here in issue. The issue cannot be raised by merely denying the allegation that the taking is necessary. Nor can it be raised by any conclusory pleading of `fraud and bad faith.' See Lavelle v. Julesburg, 49 Colo. 290, 112 P. 774. Rather, it can only be raised by pleading facts which, if true, would amount to fraud or bad faith." Id. at 342, 430 P.2d 617.
No allegation of bad faith was made and facts were not asserted which would tend to show bad faith. Thus, the motion was insufficient to raise the necessity issue and was properly denied. Arizona-Colorado Land v. District Court, 182 Colo. 44, 511 P.2d 23 (1973).
No requirement exists which would impose upon the court the duty of determining the issues of necessity and public use at the hearing on immediate possession. The court granted counsel for the Shaklees the right to file an amended pleading which would properly raise the issues which they sought to have determined and resolved at an in limine hearing. Admittedly, the public use issue is one that must be resolved by the judiciary. Potashnik v. Public Service Co., 126 Colo. 98, 247 P.2d 137 (1953); Larson v. Chase Pipe Line, supra.
Broad discretion is granted to the condemnor to determine what property is to be taken for public use, and its decision is conclusive unless fraudulent or unreasonable. Public Service Co. v. City of Loveland, 79 Colo. 216, 245 P. 493 (1926). The right of eminent domain under our constitution depends upon the General Assembly granting authority to condemn and judicial approval of the purpose as a public use. Buck v. District Court, Colo., 608 P.2d 350 (1980). Section 38-5-106, C.R.S. 1973 (1980 Supp.), does not require, although it permits, the issue of necessity or public use to be resolved at the hearing on immediate possession.
Therefore, I would discharge the rule for failure of petitioners to include indispensable parties and for failure to establish grounds or a basis in fact to invoke our powers to grant relief in an original proceeding.
Justice QUINN authorizes me to say that he joins in this dissent.
NOTES
[1] "That the owners of property to be condemned must bear the burden of proof that the condemnation is for private rather than public use was succinctly stated by the Court in Caretta Railway Co. v. Virginia-Pocahontas Coal Co., 62 W.Va. 185, 57 S.E. 401, where in Point 3 of the Syllabus the following language was used: `A railroad company, chartered and organized under the laws of this state, is authorized to condemn land under the power of eminent domain, and where it has filed a proper application for such purpose, and shows that it has complied with the law controlling the organization of such companies, it has the prima facie right to exercise such power, and it then devolves upon the owner to rebut the prima facie case by showing that the land sought to be condemned is not for public use.' For the proposition that it is generally the burden of the landowner to show that the land is to be devoted to private rather than public use. See Brooke Electric Company v. Beall, 96 W.Va. 637, 123 S.E. 587; Pittsburgh & West Virginia Gas Company v. Cutright, 83 W.Va. 42, 97 S.E. 686; and Carnegie Natural Gas Company v. Swiger, 72 W.Va. 557, 79 S.E. 3." 2A J. Sackman Nichols' The Law of Eminent Domain § 7.41 (3d ed. Supp. 1981).
[2] Section 38-6-105, C.R.S. 1973 (1980 Supp.) provides:

"Any defendant has the right to appear in the proceeding and file an answer, in writing, with the clerk of the court, at any time prior to the date fixed for the hearing of the petition but not thereafter, in which answer said defendant shall set forth such legal objections as he may have to the condemnation or appropriation of any property owned by him or to the prosecution of said proceeding. At the time set for the hearing of said petition or such time to which the hearing may have been continued by the court, the court shall proceed to hear any objections raised by the answer, if any there be. The court has no power to inquire into the necessity of exercising the power of eminent domain for the purpose proposed, nor into the necessity of making the proposed improvement, nor into the necessity of taking the particular property described in the petition. If the court finds that the petitioner has the right to prosecute said proceeding and such objections as may have been filed are overruled, the court shall appoint three disinterested commissioners in condemnation, freeholders of real estate in said city or city and county and residents thereof, who shall have the powers and duties provided in this part 1. No person shall be disqualified to act as a commissioner by reason of the fact that he may own either the fee or other interest in or to property that might be assessed a special benefit on account of the proposed improvement."