The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

George D. EASTER, III, Defendant–
Appellant.

No. 94CA1541.

Colorado Court of Appeals,
Div. II.

Sept. 28, 1995.

Rehearing Denied Oct. 26, 1995.

Certiorari Denied April 8, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Philip W. Ogden, Colorado Springs, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, George D. Easter III, a juvenile, appeals the judgment of conviction and sentence imposed by the district court. He asserts that the district court lacked jurisdiction because the prosecution failed to file an information in a timely manner after the case was transferred from juvenile court. We agree and, thus, vacate the conviction and sentence and remand for further proceedings in the juvenile court.

Defendant and a companion stabbed a woman as part of a plan to steal her automobile. A delinquency petition was filed in juvenile court against defendant, who was 16 at the time of the incident, charging him with attempted first degree murder, first degree assault, and crime of violence.

The prosecution thereafter sought to try defendant as an adult and requested the juvenile court to waive its jurisdiction and transfer the case to the district court. After a hearing, the juvenile court made oral findings of fact but deferred a decision until it could review available sentencing options if the case was transferred. Thereafter, it entered a minute order transferring jurisdiction to the district court. Copies of the minute order were mailed to the prosecution and defense counsel.

A "Release or Commitment" form was also issued by the court to effectuate this trans-fer. Defendant was transferred from the juvenile detention facility to the county jail.

Defendant later filed a motion requesting the juvenile court to retain jurisdiction, contending that the district court lacked jurisdiction because the prosecution had failed to comply with the transfer statute by filing an information within five days of the order of transfer. The juvenile court denied the motion, determining that neither the minute order nor the release or commitment form constituted the "written order" contemplated by the statute. Based on this conclusion, it thereafter signed a formal written order to transfer the case to the district court.

The prosecutor and defendant later agreed to a plea bargain and defendant was sentenced as an adult. After imposition of sentence, this appeal followed.

Defendant asserts that the minute order constituted a "written order" within the meaning of § 19–2–806(6)(a), C.R.S. (1994 Cum.Supp.) or, in the alternative, that the release or commitment document transferring him from the juvenile detention center to the county jail was the requisite "written order" triggering the five-day filing requirement. We agree that the minute order was the required "written order" and therefore do not address his alternative contention.

In regard to a juvenile court's waiver of jurisdiction over a juvenile and the subsequent transfer of the case to the district court, § 19–2–806(6)(a), C.R.S. (1995 Cum. Supp.) provides, in pertinent part:

> If the court finds that its jurisdiction over a juvenile should be waived, it shall enter an order to that effect; except that such order of waiver shall be null and void if the district attorney fails to file an information in the criminal division of the district court within five days of issuance of the written order of waiver, exclusive of Saturdays, Sundays, and court holidays.

Section 19–2–806(6)(a) also provides that in the event an information is not timely filed, the case is to be heard in juvenile court:

> Upon failure of the district attorney to file an information within five days of the issuance of the written order of waiver, exclusive of Saturdays, Sundays, and court

holidays, *the juvenile court shall retain jurisdiction and shall proceed as provided in part 5 of this article.*

(emphasis supplied)

■ Interpretation of a statute is a question of law and appellate courts need not defer to a trial court's interpretation. *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 817 P.2d 547 (Colo.App.1991).

■ When interpreting statutes, a court must ascertain and, if possible, give effect to the intent of the General Assembly. *Ingram v. Cooper*, 698 P.2d 1314 (Colo.1985). Hence, generally, the statutory terms must be given their plain and ordinary meaning. *Dunlap v. Colorado Springs Cablevision, Inc.*, 855 P.2d 6 (Colo.App.1992). Further, statutes must be construed as a whole and courts must endeavor to give reasonable meaning to all their provisions. *Martinez v. Badis*, 842 P.2d 245 (Colo.1992).

The statute directs the juvenile court to enter an "order" when it determines to waive its jurisdiction. The statute does not define the term "order." However, that term has been broadly defined. *See C.C.C. v. District Court*, 188 Colo. 437, 535 P.2d 1117 (1975).

The statute further indicates that such an order will be null and void if the district attorney fails to file an information in the criminal division of the district court within five days of issuance of the "written order of waiver." Hence, the order must be in writing as well.

■ A minute order can be effective as a "written order" or judgment when the parties to an action attend a hearing concerning the subject matter of the order and understand the substantive content of the decision represented by the minute order. *Wesson v. Bowling*, 199 Colo. 30, 604 P.2d 23 (1979).

In *Hebron v. District Court*, 192 Colo. 346, 558 P.2d 997 (1977), the court held that a minute order sufficed as a written form of judgment because it was sufficiently clear and precise and contained all of the information needed in a judgment.

■ Under the plain language of the statute, a written order would include any direction of the court reduced to written form.

We decline to read any additional requirements into this statute. *See Spar Consolidated Mining & Development Co. v. Aasgaard*, 33 Colo.App. 35, 516 P.2d 127 (1973) (when no requirement in rules of procedure for signature on written order, effectiveness of order not contingent on presence of signature).

Here, the minute order stated:

Judge transfers case to adult court; cont FPRD on 50594 at 9; new case # 94CR1395; def to be transported from Zeb Pike to CJC.

This written document contains the directions of the court and thus it qualifies as a written order. Indeed, by its terms, albeit containing abbreviations, the order constitutes a written directive for transfer to the adult court and assigns a criminal action number to the case, thereby waiving juvenile court jurisdiction.

■ The written minute order waiving juvenile court jurisdiction triggered the requirement for the prosecution to file an information in the district court within five days of the issuance of the order. Because the prosecution concedes this time limit is mandatory and jurisdictional and that it did not file the information within that period, the order of waiver is null and void and the juvenile court was required to retain jurisdiction. *See Centric–Jones Co. v. Hufnagel*, 848 P.2d 942 (Colo.1993) (use of the word "shall" in a statute is presumed to be mandatory).

■ The later issuance of a second written order signed by the juvenile court judge purporting to transfer the case to the district court and the subsequent filing of an information within five days thereafter cannot correct the prosecution's failure initially to file the information.

The mandatory language of § 19–2–806(6)(a) does not allow a juvenile court to avoid the terms of the statute by issuance of a second written order of transfer. Rather, the statute provides that if there is a failure timely to file an information in district court within the five day period following issuance of the written order, the juvenile court "*shall* retain jurisdiction, and *shall* proceed" with

an adjudication of the matter in juvenile court. (emphasis added) This language in the context of the statute indicates that once any written order of waiver issues, the failure of the prosecution to file an information within five days thereafter requires the juvenile court to retain jurisdiction.

Accordingly, because the district court lacked jurisdiction, its judgment of conviction is vacated, and the cause is remanded to the juvenile court for further proceedings under § 19–2–806, C.R.S. (1995 Cum.Supp.) consistent with the views expressed in this opinion.

CRISWELL and JONES, JJ., concur.