## No. 27107

**Donald Duane Poor v. District Court in and for the County of Arapahoe, State of Colorado, and The Honorable Richard D. Greene as district judge**

(549 P.2d 756)

Decided April 5, 1976. Opinion modified and as modified rehearing denied May 17, 1976.

Victor E. DeMouth, for petitioner.

Kuttler & Redman, P.C., Jeb McNew, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding wherein we ordered the respondent district court to show cause why the relief prayed for by the petitioner should not be granted.

At issue is the propriety of the respondent district court's order denying the petitioner's motion for a new trial as not having been timely filed.

The action in the respondent court involved dissolution of marriage and permanent orders as to custody of children, their support, property division, and other related matters.

A response and briefs with exhibits have now been filed. Under the facts here, we hold that the respondent district court's denial of the petitioner's motion for a new trial was erroneous and therefore must be vacated. Accordingly, we make the rule absolute.

On November 4, 1975, a trial was held before the respondent district court on the matter of the dissolution of the marriage and for a determination of permanent orders with respect to child custody, child support, maintenance, payment of family obligations, and property division.

At the conclusion of the November 4, 1975 trial, the respondent court directed the attorney for the wife to submit to the respondent court in writing within twenty days, the "court's orders." Previously, the respondent court made oral findings as to what would be the final orders pertaining to child custody, child support, maintenance of the wife, property division and other issues usually considered in a dissolution of marriage action. Also, the respondent court directed that the petitioner's attorney be furnished with a copy of the written orders.

The respondent district court's minutes show the following entry with reference to this case:

"D-13839

11-4-75G

Poor and Poor (Donald Durane and Carolyn Sue) Dissolution of marriage and permanent orders. Petitioner present with Atty. V. DeMouth: respondent present with Atty. J.McNew. Parties sworn. ORDER: Decree of dissolution of marriage shall enter: Atty. McNew shall submit written Order within 20 days."

More than two months elapsed before a document entitled "Permanent Orders" was prepared and signed by the respondent court.

When the attorney for the petitioner, by telephone inquiry of the respondent court on January 20, 1976, ascertained the time when this document was filed and signed by the respondent court, he immediately filed a motion for a new trial in which error was alleged in connection with several of the permanent orders pertaining to property division. Upon receipt of this motion for a new trial, the respondent court immediately denied it as not being timely filed. It is stated in the petition before us that when inquiry was made of the respondent court regarding the reason for denial of this motion, the attorney for the petitioner was informed by personnel of the respondent court that the judge was of the view that since this motion was not filed within ten days of November 4, 1975, it was not timely filed. C.R.C.P.59(b) requires that a motion for a new trial be filed "not later than ten days after the entry of the judgment."

C.R.C.P. 52 states that in all actions tried upon the facts without a jury, "the court shall find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to rule 58."

C.R.C.P. 58(a)(2), which applies in dissolution of marriage cases with multiple issues, as here, provides that upon a decision by the court granting relief, the court shall promptly prepare a *written form of the judgment*, "and the clerk shall thereupon enter it on the register of ac-

tions" as described in C.R.C.P. 79(a). Therefore, until the written form of the dissolution decree, together with the written permanent orders are prepared, signed by the judge, and then entered on the register of actions, there is no entry of judgment. Under the facts here, the date of judgment could not be earlier than January 9, 1976.

 We recognize the fact that the register of actions in the respondent district court is maintained on microfilm as authorized by C.R.C.P. 79. As to the *Poor* case, the register of actions shows that a document entitled "Permanent Orders" was filed on January 9, 1976. A microfilm copy of this document shows it was signed by the judge on January 9, 1976. By its terms, the permanent orders were to be effective *nunc pro tunc* as of November 4, 1975. This document did not contain the signed approval of the attorneys for the parties, nor did it reflect that a copy of it was mailed to the petitioner's attorney. The beginning of the time period for appeal is governed in such case by the date of mailing of notice of judgment since the parties were not present when the final orders or judgment was entered on January 9, 1976. *See* C.A.R. 4. Certainly, the time period for filing a motion for a new trial should also be governed by the date of mailing. Here, neither the register of actions or the minutes of the respondent district court reflect that notice of the January 9, 1976 filing of permanent orders was mailed or in any other manner made known to this petitioner or his attorney by the respondent court. The ten-day filing period for a motion for new trial is therefore extended and the respondent district court consequently erred when it dismissed the petitioner's January 20, 1976 motion for new trial as not timely filed.

This case is remanded to the respondent court with directions to vacate its order denying the petitioner's motion for a new trial, and to proceed with a proper consideration of this motion.

Rule made absolute.