### No. 27377

**Anthony Hebron v. The District Court in and for the County of San Miguel and the Honorable Fred Calhoun, one of the judges thereof**

(558 P.2d 997)

Decided January 17, 1977.

Tom Goldsmith, for petitioner.

Robert David Korn, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding seeking to compel the respondents to enter judgment in *Latvale v. Hebron*, No. C-2447. We issued a rule to show cause, and now discharge the rule.

Petitioner was the defendant in an unlawful detainer action which was tried September 23 and 24, 1974. At the conclusion of the trial, the respondent judge announced his findings of fact and judgment in open court and reduced the judgment to a minute order. The clerk of the court then entered the minute order in the register of actions the same day. Counsel for the defendant filed an untimely motion for new trial, which was denied. Defense counsel did not file a notice of appeal.

The petitioner contends that the minute order of the court does not "clearly and certainly reflect the respondent court's judgment." Consequently, petitioner argues that the judgment does not comport with the requirement of C.R.C.P. 58(a)(2) for a "written form of the judgment."

■ We do not agree with the petitioner's contention. The minute order is sufficiently clear and precise and satisfies C.R.C.P. 58(a)(2). The order details the amount of the judgment and setoffs and assesses costs; it gives the plaintiff the right to possession; it provides that the plaintiff may apply the defendant's security deposit to the judgment; it allows the plaintiff interest to the date of the judgment on the amount due on a note; and, finally, it gives both parties 20 days to file motions.

■ The petitioner also contends that since the money judgment was not recorded in the judgment record as required by C.R.C.P. 79(d),[1] the judgment is not final. Again we disagree with the petitioner's contention. Both C.R.C.P. 58(a)(3)[2] and 79(a)(4)[3] clearly state that entry of a judgment is effective upon notation in the register of actions. *Poor v. District Court*, 190 Colo. 433, 549 P.2d 756 (1976). The clerk of the court fully complied with C.R.C.P. 58(a)(3) and 79(a)(4) as far as entry of judgment is concerned. Consequently, upon entry in the register of actions, the judgment became final.

The rule to show cause is discharged.

MR. CHIEF JUSTICE PRINGLE does not participate.

---

[1] C.R.C.P. 79(d) provides, in pertinent part: "The clerk shall keep a judgment record in which a notation shall be made of every money judgment. . . ."

[2] C.R.C.P. 58(a)(3) provides, in pertinent part: "the notation of a judgment in the register of actions as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. Money judgments shall also be entered in the judgment record as provided for in Rule 79(d). . . ."

[3] C.R.C.P. 79(a)(4) provides, in pertinent part: "The notation of the judgment in the register of actions shall constitute the entry of judgment."