SAYAT NOVA, INC., a Colorado
Corporation, Petitioner,

v.

DISTRICT COURT IN AND FOR PITKIN
COUNTY, and the Honorable J. E. De-
Vilbiss, one of the Judges thereof, Re-
spondents.

No. 80SA349.

Supreme Court of Colorado,
En Banc.

Nov. 17, 1980.

Grueter & Edmondson, P. C., Robert B.
Edmondson, Aspen, for petitioner.

No appearance for respondent.

Holland & Hart, James T. Moran, Aspen,
for intervenor John F. Gilmore.

HODGES, Chief Justice.

In this original proceeding, Petitioner Sa-
yat Nova, Inc., seeks an order voiding the
district court's judgment entered on July 8,
1980 in the case of *Sayat Nova, Inc. v.
Gilmore*, District Court No. 79CV158, on the
ground that the district court did not have
subject matter jurisdiction to enter this
judgment. We issued a rule to show cause,
and now discharge the rule.

The case from which this proceeding
arises involved a contract dispute between
petitioner and intervenor–defendant Gil-
more. Following a trial to the court, the
district court judge made an oral ruling
from the bench on December 14, 1979. He
ruled that the contract in question was still
in effect and enforceable and that it had
not been terminated or abandoned. The
intervenor–defendant's prior counsel was
directed to prepare a written order of judg-
ment.

No such written order of judgment com-
porting with the district court's December
14th oral ruling was ever submitted to or
signed by the judge. However, a transcript
of the court's oral ruling was prepared,
signed by the court reporter, and filed with
the clerk of the court on January 9, 1980.

Nearly five months later, on June 5, 1980,
the district court judge issued a letter to
counsel for each side stating that he had
reconsidered his earlier ruling and that,
upon further reflection, he had determined
that "the parties had amended the original
contracts to such an extent that there was
in fact no longer a contract. . . ." He again
directed counsel for intervenor–defendant

to prepare a written order expressing the new determination of the court. This time the order was promptly drafted, and on July 8, 1980, the judge signed a written "Findings of Fact, Conclusions of Law and Order." The order was properly entered as a judgment in the register of actions.

 Petitioner contends that the oral order of the trial court issued on December 14, 1979, coupled with the copy of the transcript of that ruling filed with the clerk of the court on January 9, 1980, amounted to entry of judgment. Since neither party filed any motions for new trial or to alter or amend judgment, and since the judge did not on his own initiative order a new trial within the time period provided by C.R.C.P. 59, petitioner contends that the district court lost jurisdiction of the matter before the June 5, 1980 letter of the district judge was issued. Consequently, petitioner argues, that the revised ruling, the subsequent written and signed order, and the entry of judgment on July 8, 1980, were ineffective. We do not agree.

The controlling provision is C.R.C.P. 58(a)(3), which states in relevant part:

"If the court makes an oral ruling from the bench and directs counsel to prepare a written order of judgment, *the judgment shall not be entered or be effective until the court signs the written order of judgment.* However, a notation in the register of actions shall reflect the nature of the oral ruling and the directions to counsel. Thereafter, *upon the signing of the written order, the judgment shall be entered and be effective.*" (Emphasis supplied.)

The rule is clear. Judgment is not entered until there is a signed written order. This did not occur in this case until July 8, 1980. The district court had not lost subject matter jurisdiction prior to July 8, 1980, and therefore, its entry of judgment on that date was effective.

 Petitioner further contends that, as a matter of equity, this court should not condone the omission of the trial court and intervenor–defendant's counsel in failing to prepare a signed written order. We cer-tainly do not condone delay in such matters; however, we note that during the period of the alleged delay, petitioner apparently made no effort to have the district court enter a judgment in accordance with C.R. C.P. 58(a)(3).

Contrary to the petitioner's allegations, the district court entered an effective and valid judgment in this case on July 8, 1980. Therefore, the rule to show cause is discharged.

LEE, J., does not participate.