**MOORE AND COMPANY,**
**Plaintiff-Appellant,**

v.

**Wanda WILLIAMS, Walter F. Dehaan, Barbara J. Dehaan and Virginia M. Taylor, Defendants-Appellees.**

No. 82CA0258.

Colorado Court of Appeals,
Division 1.

Sept. 9, 1982.

Rehearing Denied Oct. 14, 1982.

Certiorari Granted Jan. 24, 1983.

Rothgerber, Appel & Powers, Richard K. Clark, Marcia M. Hughes, Denver, for plaintiff-appellant.

No appearance for defendants-appellees.

KELLY, Judge.

Moore and Company (Moore) appeals the judgment of the trial court requiring Moore to repay into the registry of the court funds previously ordered paid out to Moore, but authorizing Moore's retention of court costs. Since we conclude that no timely notice of appeal was filed, we dismiss the appeal.

In November 1979, Moore, a real estate broker, filed a complaint in interpleader requesting leave to deposit $1,000 in the registry of the court for distribution to the defendants, who could not agree about the entitlement to these funds. An order was entered authorizing the deposit of these funds in the registry, and after responsive pleadings were filed by the defendants, Moore moved for its dismissal from the action and for attorneys' fees and costs. On July 31, 1980, the trial court entered an order dismissing Moore from the action, and ordering the payment of $200 attorneys' fees and $94.20 in costs from the registry of the court to Moore.

On April 24, 1981, there was a trial to the court concerning entitlement to the funds remaining in the registry, after which the court entered an order dividing the funds among the defendants, and, in addition, vacating the previous order concerning attorneys' fees and directing Moore to return to the registry the $200 previously paid out. It was also ordered by the court that a copy of its minute order be sent to Moore's attorney. Moore's ensuing motion to set aside this order was denied on May 26, 1981.

On June 9, 1981, Moore filed a motion to alter or amend judgment or in the alternative to extend the time for filing a notice of appeal. Both the minute order entry and the entry in the register of actions shows that the trial court denied the motion to alter or amend judgment on October 23, 1981. There is no order of any kind addressing the alternative request for extension of time to file a notice of appeal. Nevertheless, a notice of appeal was filed on November 19, 1981.

An appeal was docketed in this court, but was dismissed without prejudice, pursuant to the request of Moore, its motion stating that there was as yet no final judgment. On February 2, 1982, the trial court ordered that judgment enter against Moore in the amount of $200, to be divided according to its order of April 24, 1981. There is a minute order directing judgment to enter, and the order is also reflected in the register of actions. Moore filed a notice of appeal directed to this judgment on February 16, 1982.

In view of our conclusion that a timely notice of appeal has not been filed, we do not reach Moore's argument directed to the merits of the April 24 order. Here, the April judgment was the final judgment to which the post-trial motions were addressed. The judgment was detailed in a minute order entered in the register of actions which directed "that all previous orders granting attorney fees to Plaintiff are vacated. Plaintiff Moore & Company to return $200.00 withdrawn from the Registry for attorney fees, said $200.00 shall also be divided in 2 equal halves, to above named parties."

As in *Hebron v. District Court,* 192 Colo. 346, 558 P.2d 997 (1977), this minute order is sufficiently clear and precise to satisfy the requirements of C.R.C.P. 58(a)(2). Since

entry of judgment is effective upon notation in the register of actions, C.R.C.P. 79(a)(4), *Poor v. District Court,* 190 Colo. 433, 549 P.2d 756 (1976), the judgment became final on April 24, 1981. *See Marks v. District Court,* 643 P.2d 741 (Colo.1982). Thus, it was necessary that the notice of appeal, absent an order authorizing an extension, be filed on or before June 25, 1981. C.A.R. 4(a).

Moore's untimely motion to alter or amend filed on June 9, 1981, could not extend the time period allowed for appeal of the order denying the C.R.C.P. 60(b) motion to vacate. Moore did not pursue its request for additional time to appeal, and the trial court's authority under C.A.R. 4(a) has long since gone by. Compliance with the rules of court is prerequisite to appellate jurisdiction, and here, Moore's efforts to repair the record did not operate to confer jurisdiction. *See Dill v. County Court,* 37 Colo.App. 75, 541 P.2d 1272 (1975).

Appeal dismissed.

COYTE and SMITH, JJ., concur.