**MOORE AND COMPANY, Petitioner,**

v.

**Wanda WILLIAMS, Walter F. DeHaan, Barbara J. DeHaan and Virginia M. Taylor, Respondents.**

**No. 82SC383.**

Supreme Court of Colorado, En Banc.

Dec. 5, 1983.

Rothgerber, Appel & Powers, Richard K. Clark, Marcia M. Hughes, Denver, for petitioner.

No appearance for respondents.

DUBOFSKY, Justice.

We granted certiorari to review the Court of Appeals' dismissal, 657 P.2d 984 (Colo.App.1982), of the plaintiff's appeal from a Denver District Court judgment as untimely. Although we disagree with the Court of Appeals' derivation of the standard for determining the date that a final judgment enters for the purposes of C.A.R. 4(a) (governing the timeliness of civil appeals), we affirm the judgment against the plaintiff.

The plaintiff, Moore and Company, is a real estate broker with whom the defendant-buyers Walter F. DeHaan, Barbara J. DeHaan, and Virginia M. Taylor deposited $1,000.00 earnest money on a Denver residence offered for sale by the defendant-seller, Wanda Williams. After the defendant-buyers failed to meet a contractual deadline to close the sale, the defendant-buyers and defendant-seller possessed mutually exclusive claims to the $1,000.00 held by the plaintiff. On November 8, 1979,[1] the plaintiff invoked the jurisdiction of the district court under C.R.C.P. 22 to require the defendants to interplead their claims to the $1,000.00. On May 16, 1980, having deposited the disputed funds with the clerk of court and claiming no beneficial interest in the funds, the plaintiff moved to be dismissed from the action and for an award of $200.00 for attorneys' fees and $94.20 for costs. The district court granted this motion on July 31, 1980.

On April 24, 1981, almost nine months after dismissing the plaintiff from the action, and without prior notice to the plaintiff, the district court issued a minute order requiring the plaintiff to return the $200.00 attorneys' fees award but permitting the plaintiff to keep the $94.20 awarded for costs. The order also divided the remainder of the $1,000.00 at issue equally between the defendants. The district court ordered a copy of its minute order to be mailed to the plaintiff's counsel. The plaintiff moved

---

1. Events are dated here according to filing dates or dates entered on the register of actions. The plaintiff's brief provides different dates for some events, but since the plaintiff did not date those documents it submitted to the trial court, the plaintiff's dates are difficult to verify.

for reconsideration.[2] This motion was denied by the district court on May 26, 1981. On June 9, 1981 the plaintiff moved to alter or amend the judgment under C.R.C.P. 59 or, in the alternative, under C.A.R. 4(a) to extend the time for appeal. The district court denied this motion on October 23, 1981. On November 19, 1981, the plaintiff, seeking reversal of the district court's ruling that C.R.C.P. 22 does not give the court authority to grant attorneys' fees to a plaintiff-stakeholder in an interpleader action, filed a notice of appeal with the district court under C.A.R. 3(a).

In a letter dated December 11, 1981, a Court of Appeals' staff attorney notified the plaintiff that it was unclear whether either the plaintiff's C.R.C.P. 59 motion or notice of appeal had been timely filed. The plaintiff then moved for voluntary dismissal of its appeal, stating that no final judgment had yet entered in the case. The Court of Appeals granted this motion without prejudice on January 19, 1982. On February 2, 1982, the plaintiff obtained an order from the district court directing that final judgment enter in the case. The plaintiff filed a notice of appeal on February 16, 1982. This appeal was dismissed by the Court of Appeals as untimely. We granted the plaintiff's request for certiorari review.

■ The timeliness of a civil appeal is governed by C.A.R. 4(a).[3] Under that rule a party has thirty days to file a notice of appeal after the entry of a judgment, unless the appealing party is notified of the judgment by mail, in which case the thirty days begins running as of the date of the mailing. A judgment is entered for the purposes of C.A.R. 4(a) "when it is entered in the civil docket." The reference to the "civil docket" is somewhat out of date but obviously refers to the register of actions. *See Denver v. Just,* 175 Colo. 260, 268, 487 P.2d 367, 371 (1971) (referring to a "judgment docket" required to be kept by the version of C.R.C.P. 79(d) then in effect). Federal Rule of Civil Procedure 79(a) requires the keeping of a "civil docket." Its Colorado counterpart, C.R.C.P. 79(a), requires that a "register of actions" be kept. A judgment is entered "in the civil docket" for the purposes of C.A.R. 4(a) when it is entered on the register of actions.

■ The Court of Appeals erred in applying C.R.C.P. 58(a) to determine when the judgment at issue entered for the purposes of C.A.R. 4(a). Because the Court of Ap-

**2.** The Court of Appeals characterized this motion as a C.R.C.P. 60(b) motion, although the plaintiff did not support its motion with citation to any rule. The plaintiff's brief states that this motion was filed on May 11, 1981; however, the motion itself is undated, and the date stamped by the clerk's office on the motion is May 27, 1981.

**3.** C.A.R. 4(a) provides:

"In a civil case in which an appeal is permitted by law as of right from a trial court to the appellate court the notice of appeal required by C.A.R. 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from if the parties are present at the time such judgment is announced. If notice of the entry of judgment is transmitted to the parties by mail, the time for the filing of the notice of appeal shall commence from the date of the mailing of said notice. . . .

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the trial court by any party pursuant to the Colorado Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this section (a) commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: . . . (3) granting or denying a motion under Rule 59, C.R.C.P., to alter or amend the judgment; (4) denying a motion for a new trial under Rule 59, C.R.C.P. A judgment or order is entered within the meaning of this section (a) when it is entered in the civil docket. If the parties are not personally present at the time of the announcement of any of the above enumerated orders and notice thereof is transmitted by mail, the full time for appeal fixed by this subdivision commences to run from the date of the mailing of said notice.

Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this section (a). Such an extension may be granted before or after the time otherwise prescribed by this section (a) has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

peals also read C.R.C.P. 58(a) to hinge entry of a judgment on entry on the register of actions, the court nonetheless used the correct standard. C.R.C.P. 58(a) states that: "The date the judgment is ordered in open court, in chambers, or under the provisions of Rule 55 regarding default, shall be the effective date of entry of judgment regardless of when noted in the register of actions." C.R.C.P. 58(a) does not directly relate to C.A.R. 4(a), which sets out a distinct standard for determining the date of entry of a judgment for the purpose of determining the time to appeal. C.R.C.P. 58(a), however, does control the date of entry of judgment for the purposes of a C.R.C.P. 59 new trial motion. *See Poor v. District Court,* 190 Colo. 433, 549 P.2d 756 (1976). A timely new trial motion is a prerequisite to the taking of many appeals. C.R.C.P. 59(f). Therefore, account often must be taken of two different standards for determining the date of entry of a judgment before the merits of a civil appeal are reached.

Having determined that the timeliness of a *notice* of appeal is calculated from the date the judgment appealed from is entered on the register of actions, it remains to be determined when the judgment in this case was entered. We conclude that the Court of Appeals correctly determined that final judgment was entered on the register of actions on April 24, 1981.

A final judgment is one "which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1125 n. 2 (Colo. 1982); *D.H. v. People,* 192 Colo. 542, 544, 561 P.2d 5, 6 (1977); *Stillings v. Davis,* 158 Colo. 308, 310, 406 P.2d 337, 338 (1965). A clear and precise minute order can be effective as a final judgment. *See Wesson v. Bowling,* 199 Colo. 30, 32, 604 P.2d 23, 25 (1979); *Hebron v. District Court,* 192 Colo. 346, 558 P.2d 997 (1977). Therefore the entry on the register of actions of a minute order which constitutes a final judgment is entry of a final judgment on the register of actions. *See Hebron v. District Court, supra.*[4] The order of April 24, 1981 was completely dispositive of the action before the district court and sufficiently clear and precise to qualify as a final judgment under *D.H. v. People, supra,* and *Hebron v. District Court, supra.* That order was entered on the register of actions on April 24, 1981, thus causing judgment to enter for the purposes of C.A.R. 4(a).[5] Since the plaintiff received notice of the judgment by mail, the timeliness of the plaintiff's appeal must be calculated from the date of the mailing of that notice. Although the exact date of that mailing is unclear from the record, it is clear that the plaintiff had received notice of the judgment by May 26, 1981 when the district court denied the plaintiff's motion for reconsideration. Assuming that the plaintiff's June 9, 1981 C.R.C.P. 59 motion was timely filed, the plaintiff had thirty days after the district court's denial of that motion on October 23, 1981 to file a notice of appeal. C.A.R. 4(a); *Rowe v. Watered Down Farms,* 195 Colo. 152, 155–156, 576 P.2d 172, 174 (1978) (A C.R.C.P. 59 new trial

---

4. *Hebron v. District Court* concerned entry of a judgment for the purposes of C.R.C.P. 58(a), which at that time hinged entry of a judgment on its entry on the register of actions. C.R.C.P. 58(a) has since been revised.

5. The plaintiff, citing *Poor v. District Court,* 190 Colo. 433, 549 P.2d 756 (1976), argues that under C.R.C.P. 58(a) a judgment cannot be entered on the register of actions until a written form of that judgment is signed by the court. Since *Poor* was decided, however, C.R.C.P. 58(a) has been revised; it now requires the clerk to enter a judgment on the register of actions "upon a decision by the court that a party shall recover only a sum certain or costs,

or that all relief shall be denied ... without awaiting any direction by the court." The revised C.R.C.P. 58(a) further provides that "if the court makes an oral ruling from the bench *and directs counsel to prepare a written order of judgment,* the judgment shall not be entered or be effective until the court signs the written order of judgment" (emphasis added). We interpret the provision of C.R.C.P. 58(a) that a judgment prepared by counsel must be signed by the court *before it will enter* to imply that a judgment may be entered without the court's signature when, as here, that judgment was not prepared by counsel.

motion extends the time for filing a notice of appeal.). The plaintiff filed a notice of the instant appeal on February 16, 1982, well after the thirty day limit had run.[6] The notice, therefore, was not timely.

The plaintiff argues that the district court lacked personal jurisdiction over the plaintiff at the time of the April 24, 1981 order, and that the order is therefore void and cannot be effective as a final judgment. Because the plaintiff failed to make timely appeal from the district court's order we choose not to reach the jurisdictional issue. If the issue is not *res judicata,*[7] the district court's judgment may be challenged as void through a C.R.C.P. 60(b) motion to vacate the judgment or through an independent action.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

---

**6.** It is unclear from the record whether the plaintiff's first appeal, of November 19, 1981, was untimely, as suggested by the Court of Appeals' staff attorney's letter of December 11, 1981. Since the plaintiff moved for voluntary dismissal of this appeal on grounds unrelated to the staff attorney's letter, we need not reach the question of the first appeal's timeliness.

**7.** The weight of authority is that all issues raised and all which might have been raised in a motion to open a judgment become *res judicata* upon disposition of that motion. *See, e.g., Riverside Memorial Mausoleum v. Umet Trust,* 581 F.2d 62, 67 (3rd Cir.1978) (applying Pennsylvania law); *Kamp Implement Co. v. Amsterdam Lumber,* 166 Mont. 435, 533 P.2d 1072 (1975). *See* 2 Restatement (Second) of Judgments § 78, Reporter's Note to Comment d, at 237 (1980). *See also Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963) (Public policy dictates that "those who have contested an issue [of personal jurisdiction] shall be bound by the result of the contest."). *See generally* Dobbs, *The Validation of Void Judgments: The Bootstrap Principle* (Parts 1 and 2), 53 Va.L.Rev. 1003, 1241 (1967).