**George H. PITTMAN and Victoria L. Pittman, Plaintiffs-Appellees,**

**v.**

**Wallace DUNLAP and Wilmeth Dunlap, Individually and as Trustees of or doing business as Ponderosa Trust, Defendants-Appellants.**

**No. 83CA1156.**

Colorado Court of Appeals, Div. I.

June 21, 1984.

Rehearing Denied July 19, 1984.

Lefferdink & Davis, Gary W. Davis, Eads, for plaintiffs-appellees.

Cecil A. Hartman, Denver, for defendants-appellants.

PIERCE, Judge.

Defendants, Wallace and Wilmeth Dunlap, appeal the judgment of the trial court granting plaintiffs specific performance of a contract. We dismiss the appeal.

Judgement was entered on June 28, 1983. On July 15, 1983, defendants filed a motion for an extension of time to file a motion for new trial. The motion was

granted, and thereafter defendants filed a motion for new trial. Plaintiffs then filed a motion to strike defendants' new trial motion. Plaintiffs' motion was granted on the ground that the trial court was without jurisdiction to grant the motion for extension of time since that motion was filed more than 15 days after entry of judgment. This ruling was proper.

As stated in *Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983):

"[T]he court is specifically prohibited from enlarging the filing time where the motion for extension is not made until after the 15 day period [had] expired. C.R.C.P. 6(b)(2)."

Although admitting that the motion for extension was filed more than 15 days after entry of judgment, defendants contend that, because they were notified of the decision by mail, C.R.C.P. 6(e) extended their time for filing. We do not agree.

C.R.C.P. 6(e) provides:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the *service* of a notice or other paper upon him, other than process under Rule 4, and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." (emphasis added)

This rule is the same as Fed.R.Civ.P. 6(e), and, since this issue has not been decided by our state appellate courts as applicable here, we turn to the federal cases for guidance.

■ The federal courts have consistently held that when the rules provide that time for doing an act runs from the entry of judgment, then Rule 6(e) does not apply to extend that time, the rationale being that Rule 6(e) relates only to those situations in which the time limitation begins to run from the date of *service*. Specifically, in *Flint v. Howard*, 464 F.2d 1084 (1st Cir.1972), and *Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858 (3d Cir. 1970), it was held that Rule 6(e) did not extend the time for the filing of Rule 59(b) or (e) motions. *See Welsh v. Elevating Boats, Inc.*, 698 F.2d 230 (5th Cir.1983);

*Reynolds v. Hunt Oil Co.*, 643 F.2d 1042 (5th Cir.1981); *see also Garrett v. Garrett*, 30 Colo.App. 167, 490 P.2d 313 (1971).

We agree with, and adopt, this rule. Therefore, since the motion was not timely filed, this court has no jurisdiction, and the appeal must be dismissed. *Schuster v. Zwicker, supra.*

■ Defendants also contend that we should invoke C.A.R. 1(d) and C.A.R. 2 and determine the issues on the merits. Our review of the entire record reveals no fundamental error resulting in a miscarriage of justice. *See Polster v. Griff's of America, Inc.*, 184 Colo. 418, 520 P.2d 745 (1974). Therefore, we decline to exercise our discretion through the medium of those two rules. *See Schuster v. Zwicker, supra.*

Appeal dismissed.

STERNBERG and BABCOCK, JJ. concur.