BONANZA CORP., a Colorado corporation, and Marvin D. Hastings, as Personal Representative of the Estate of Max D. Hastings, a/k/a Max Deo Hastings, Petitioners,

v.

Charles L. DURBIN and Mary Jo Durbin, Respondents.

CAVINESS PACKING COMPANY, INC., a Texas corporation; Joe F. Reinauer, Jr.; and Aldirita Logging, Inc., a Colorado corporation, Petitioners,

v.

Alton CHATHAM, Respondent.

UNITED BANK OF DENVER, N.A., Petitioner,

v.

RAGSDALE BROS. ROOFING, INC. and Corneau-Finley Masonry, Respondents.

Nos. 83SC86, 83SC102 and 84SC275.

Supreme Court of Colorado, En Banc.

March 11, 1985.

timely filed in the district court. Because we conclude that the provision in C.R.C.P. 6(e) allowing three extra days for motions to be filed after the receipt of mailed notice applies to extend the fifteen days allowed for motions for new trial or to alter or amend judgment under C.R.C.P. 59, we vacate the orders of the Court of Appeals and remand for consideration of the appellants' cases.

Donald E. La Mora, Colorado Springs, for petitioners in No. 83SC86.

John G. Otto, Stauffer, Otto & Davidson, Colorado Springs, for respondents in No. 83SC86.

L. Thomas Woodford, Myers, Woodford & Hoppins, P.C., Denver, for petitioners in No. 83SC102.

Alex Stephen Keller, Keller, Dunievitz & Johnson, Denver, for respondent in No. 83SC102.

Lawrence L. Levin, Holme Roberts & Owen, Englewood, for petitioner in No. 84SC275.

Donald C. Hanneman, Englewood, for respondents in No. 84SC275.

DUBOFSKY, Justice.

We granted certiorari and consolidated review of three Court of Appeals' orders dismissing appeals on the basis that the appellants' motions for new trial or to alter or amend judgment had not been

The procedural issue in these cases is substantially the same.[1] In No. 83SC86, the El Paso County District Court entered judgment against the appellants Bonanza Corporation and Max Hastings[2] on May 6, 1982. Because counsel were not present in court when the judgment was entered, the clerk of court mailed a copy of the order to the appellants' and appellees' counsel on the same day. Counsel for the appellants was aware that C.R.C.P. 59(b) requires a motion for new trial to be filed within fifteen days after the entry of judgment. However, believing that he could take advantage of the three day extension of time provided by C.R.C.P. 6(e) for filings after the service of notice by mail, counsel did not file the motion for new trial until May 24, eighteen days after the entry of the judgment.[3] The district court denied the motion for new trial. The Court of Appeals issued an order to show cause why the appeal should not be dismissed and subsequently dismissed the appeal on jurisdictional grounds because the motion for

---

1. Although the procedural posture of the cases is the same, the underlying facts differ. In No. 83SC86, the El Paso County District Court granted to the plaintiffs, Charles L. and Mary Jo Durbin, a permanent easement for ingress and egress over a road to their property, and enjoined the defendants, Bonanza Corporation and Max Hastings, from obstructing the easement. In No. 83SC102, the Jefferson County District Court ruled against the plaintiffs Caviness Packing Company, Inc., Joe F. Reinauer, Jr., and Aldirita Logging, Inc., on their claim for damages from the defendant, Alton Chatham, by apportionment of the contract for the sale of the stock of Aldirita Logging, Inc. In No. 84SC275, the Jefferson County District Court ruled in part against the defendant, United Bank

of Denver, and in favor of the plaintiffs, Ragsdale Bros. Roofing, Inc. and Corneau-Finley Masonry, in a dispute between mechanic's lien claimants and other lienholders.

2. The original defendants at trial were Bonanza Corporation and Max Hastings. Max Hastings died during the pendency of this appeal and Marvin Hastings, as the personal representative of Max Hastings' estate, was substituted for Max Hastings as party to this suit.

3. The notice was mailed from Denver on Friday, May 21, 1982; the clerk of court in Colorado Springs received the notice on May 24, 1982.

new trial had not been timely filed with the district court.[4]

In No. 83SC102, the Jefferson County District Court entered judgment against the appellants, Caviness Packing Company and Joe F. Reinauer, Jr., on November 16, 1982. On the same day, notice of entry of judgment was mailed to counsel, who were not present in court when the judgment was entered. Counsel for Caviness Packing and Reinauer assumed that C.R.C.P. 6(e) applied to extend the time available to file a motion for new trial, just as Bonanza Corporation's counsel had. Calculating eighteen days after November 16, counsel found that December 4, 1982 was a Saturday. Therefore, the appellants filed their motion for new trial on Monday, December 6, 1982. At the same time, they filed a motion to open judgment and take additional testimony. The second motion was governed by C.R.C.P. 59(b) and could be filed up to six months after the entry of judgment. The district court denied both motions, and Caviness Packing and Reinauer appealed the denials. The Court of Appeals issued an order to show cause why the appeal should not be dismissed and subsequently dismissed the appeal because the motion for new trial had not been timely filed with the district court.

In No. 84SC275, the Jefferson County District Court entered judgment against the appellant, United Bank of Denver, on December 30, 1982. On the same day, notice of entry of judgment was mailed to counsel, who were not present in court when the judgment was entered. Again, the appellant's counsel added the three days provided in C.R.C.P. 6(e) to the fifteen days allowed under C.R.C.P. 59(e) to file a motion to alter or amend judgment, and filed the motion with the clerk of court on January 17, 1983, eighteen days after entry

of judgment.[5] The district court denied the motion to alter or amend, and United Bank filed a notice of appeal with the Court of Appeals. One of the appellees filed a motion to dismiss the appeal on the ground that the Court of Appeals did not have jurisdiction because the motion to alter or amend judgment was not timely filed. The Court of Appeals granted the motion to dismiss.

The narrow issue before us is whether C.R.C.P. 6(e) applies to the time limits in C.R.C.P. 59(b) and (e). C.R.C.P. 59(b) provides that "[a] motion for a new trial shall be filed not later than fifteen days after the entry of the judgment ...," and C.R.C.P. 59(e) provides that "[a] motion to alter or amend the judgment may be filed but not later than fifteen days after entry of the judgment." C.R.C.P. 58(a) provides that if judgment is entered when counsel is not present, "the clerk of the court shall mail a written notice of the entry of judgment, a copy of the order, or some other advisement, showing the date of the order, to counsel of record...." C.R.C.P. 6 contains general provisions for the computation of time limits under all of the Colorado Rules of Civil Procedure. The allowance of additional time after service by mail under C.R.C.P. 6(e) provides that

[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him, ... and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

Because C.R.C.P. 6(e) applies only to actions that must be taken "within a prescribed period after the service of a notice or other paper," the Court of Appeals con-

---

**4.** A motion for new trial was a jurisdictional prerequisite to appellate review when these appeals were filed in the Court of Appeals. C.R.C.P. 59 provided that "[t]he party claiming error in the trial of any case ... must move the trial court for a new trial as herein above provided...." *See Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983). Effective January 1, 1985, C.R.C.P. 59 was amended to provide that "a motion for post-trial relief shall not be a condition prece-

dent to appeal or cross-appeal ...," although a motion for post-trial relief retains its efficacy. Court Rules Update, C.R.S. Special Supp. (1984).

**5.** The notice was mailed from Denver on Friday, January 14, 1983; the clerk of court in Jefferson County received the notice on January 17, 1983.

cluded that it does not apply to the time limit for a motion for new trial, which is computed from the entry of judgment rather than from the service of notice of the judgment. Moreover, in ordering dismissal of these cases, the Court of Appeals relied in part on *Poor v. District Court*, 190 Colo. 433, 549 P.2d 756 (1976), which held that, if the parties are not present when judgment is entered, the time limit for filing a motion for new trial begins when notice of judgment is mailed to the parties. 549 P.2d at 758.

We do not find the reasoning of the Court of Appeals persuasive. Our opinion in *Poor* did not address the length of time allowed for filing the motion for new trial after the time period begins. Therefore, *Poor* does not determine the outcome of the present cases, in which there is no question as to the date on which the period for filing a motion for new trial began.

Although we recognize that C.R.C.P. 6(e) may be read literally to support the Court of Appeals' interpretation, it was reasonable for the appellants to read the Colorado rules to allow an extra three days for filing a motion for new trial or to alter or amend judgment. After our holding in *Poor* that the period for filing a motion for new trial does not begin until after notice is mailed to the parties, it was clear that the filing period for such motions was triggered by mailing rather than the actual entry of judgment; therefore, C.R.C.P. 6(e), which accounts for any delay due to postal delivery, should be construed to cover this situation. Moreover, our rules have specifically distinguished notice of the entry of judgment from other types of notices when we have deemed it necessary to do so. For example, C.A.R. 26(c) provides:

> Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, three days shall be added to the prescribed period. *This rule shall not apply to the notice of the entry of judgment or notice of disposition of motions which may be transmitted by mail as provided in C.A.R. 4(a).* (Emphasis added).

*See also* C.R.C.P. 6(b) (specifically exempting C.R.C.P. 59(b) from extensions of time due to excusable neglect). The absence of a reference to entry of judgment in C.R.C.P. 6(e) therefore reinforces the reasonableness of appellants' interpretation of the time to file a motion for new trial or to alter or amend judgment.

Nor do federal decisions to the contrary affect our analysis. After we granted certiorari in the instant cases, the Court of Appeals held in *Pittman v. Dunlap*, 687 P.2d 987 (Colo.App.1984) that the provisions of C.R.C.P. 6(e) do not extend the time for filing a motion for new trial under C.R.C.P. 59(b) when notice of judgment is mailed to the parties. In reaching its decision, the Court of Appeals relied on several federal cases that have held that Fed.R. Civ.P. 6(e) does not apply to lengthen time periods that run from the entry of judgment. *See Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858 (3d Cir.1970).

The Court of Appeals, however, failed to note the difference between the federal rules and the Colorado rules. The federal rule for computing time and allowing additional time after service by mail is identical to the Colorado rule. *See* Fed.R.Civ.P. 6. Fed.R.Civ.P. 59 requires that motions for new trial be filed within ten days "after the entry of judgment;" the time period begins running from the entry of judgment, just as the time period in C.R.C.P. 59 does. However, the federal rule regarding notice to parties who are not present when judgment is entered differs from the Colorado rule. Fed.R.Civ.P. 77(d) requires the clerk of the court to serve each party with notice of the entry of orders and judgments. The rule specifically provides that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed...." Not only is there no similar warning in C.R.C.P. 58(a) (the Colorado rule that requires the clerk to mail notice of judgments entered when counsel is not

present), but the holding of *Poor* directly contradicts this provision of the federal rule. In *Poor*, we held specifically that the time for filing a motion for new trial does not begin to run until the clerk mails notice of the entry of judgment, which affects the time given a litigant to file a motion for new trial, at the time a precondition to appeal. Under the federal rule, the clerk's failure to mail notice does not affect the time allotted a party to file an appeal. Moreover, a motion for new trial is not required in federal court before a litigant may appeal, *see* Fed.R.App.P. 3(a), and thus does not present the potential jurisdictional problems that C.R.C.P. 59 posed for Colorado litigants at the time these cases arose. Therefore, the federal interpretation of the federal rules in determining whether the filing of a motion for new trial is an action that must be taken "within a prescribed period after the service of a notice or other paper" should not control state court interpretation of C.R.C.P. 6(e).

We hold that parties notified of the entry of judgments by mail under C.R.C.P. 58(a) are entitled to the three-day extension of time provided by C.R.C.P. 6(e) in filing their motions for new trial or to alter or amend judgment; our holding overrules *Pittman v. Dunlap*, 687 P.2d 987 (Colo. App.1984).

■ Orders vacated and cases remanded to the Court of Appeals for further proceedings.[6]

---

**6.** We note that in the *Caviness Packing Co.* case, the appellants' appeal was based on the denial of both their motion for new trial and their motion for new trial on the grounds of newly discovered evidence. The second motion could have been filed in the trial court up to six months after the entry of judgment, C.R.C.P. 59(b), so the Court of Appeals should not have dismissed that portion of the appeal in any case.