The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Santi Francis BUSCARELLO, Joseph
Robert Weaver, Clarence R. Holcombe,
Carl Bushard, and the Buildings; The
Ground Upon Which They Situate; All
Fixtures; The Contents Thereof Locat-
ed at 63 Lake View Lane, Teller Coun-
ty, Woodland Park, Colorado and One
1974 Ford Pick-up, Defendants-Appel-
lees.

No. 84CA0446.

Colorado Court of Appeals,
Div. I.

Aug. 1, 1985.

Barney Iuppa, Dist. Atty., David H.
Zook, Chief Deputy Dist. Atty., Colorado
Springs, for plaintiff-appellant.

Richard K. Walsh, Colorado Springs, for
defendants-appellees.

STERNBERG, Judge.

In this action for forfeiture of real and
personal property alleged to be a nuisance,
defendants Santi Francis Buscarello and
Joseph Robert Weaver sought and were
granted dismissal of the action on the
ground that the People had failed diligently
to prosecute. The People moved for relief
from that dismissal, asserting that neither
the motion for dismissal nor the notice of
hearing thereon had been properly served.
The trial court denied relief, and the People
appeal. We reverse.

I.

The pivotal issue in this appeal is wheth-
er the defendants complied with the service

requirements contained in C.R.C.P. 5(b) which provides as follows:

> "Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his address as given in the pleadings.... Delivery of a copy within this Rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof...."

It was undisputed that neither the motion to dismiss nor the notice of the hearing contained a certificate of service. The testimony presented at the hearing on the People's motion for relief indicated that the secretary for the defendants' lawyer mailed the motion to dismiss to an office of the district attorney which was different from the address of the deputy handling the case and different from the address provided on the People's pleadings. The record also indicates that the defendants' lawyer hand delivered the notice of the hearing to a "receptionist" located, again, at the other office of the district attorney. There was no evidence that any member of the district attorney's office had actual knowledge of either the motion or of the notice of hearing. The deputy district attorney handling the case filed an affidavit that she had not received either document.

The trial court found that the defendants' lawyer had attempted service in this matter by hand delivering the documents and, by necessary implication, found that it was not necessary that service be made at the address specified in the district attorney's pleadings.

On appeal, the People contend that the defendants' attempted service was insufficient to meet the requirements of C.R.C.P. 5(b) because they were not made at the office address specified in the People's pleadings. The defendants argue that although its attempts at service were made at a different office of the district attorney than that specified in the pleadings, such service was sufficient because the district attorney represents the People "as a firm." We agree with the People.

■ Under the Rules of Civil Procedure, when an attorney enters an appearance in an action he is required to specify his office address. C.R.C.P. 11; C.R.C.P. 121(b), § 1-1(1). This requirement applies whether the attorney is a sole practitioner or a member of a firm with several offices. This requirement, together with the requirement that service by mail be directed to the office "address as given in the pleading" or by leaving a copy of the pleading at "his office with his clerk" make it apparent that service must be upon an attorney at the address listed in the pleading.

■ Because the defendants did not serve their motion to dismiss or the notice of hearing upon the People at the office address specified in its pleadings, the requirements of C.R.C.P. 5(b) were not met. Hence, the trial court erred in dismissing the action. See Bernhagen v. Burton, 694 P.2d 880 (Colo.App.1984); Lanes v. Scott, 688 P.2d 251 (Colo.App.1984); C.R.C.P. 121(b), § 1-10.

In light of this conclusion, we need not address the arguments concerning the merits of the trial court's dismissal of the People's action.

## II.

■ The defendants' contention that this appeal should be dismissed is without merit. Their argument is based on the People's failure to file its motion for relief and for a new trial within fifteen days following entry of the dismissal. However, because the People were not present when the dismissal was ordered, the time period for filing a motion for a new trial was governed by the date of mailing of a notice of judgment. Bonanza Corp. v. Durbin, 696 P.2d 818 (Colo.1985); Poor v. District Court, 190 Colo. 433, 549 P.2d 756 (1976); C.R.C.P. 58(a). Review of the record does not indicate that the People were mailed any notice of the dismissal. When the People did receive actual notice of the dismissal, the People filed a motion within applicable time limits.

The judgment is reversed and the cause is remanded with instructions to reinstate the People's complaint.

PIERCE and VAN CISE, JJ., concur.