**In re the MARRIAGE OF Larry HOFFNER, Appellee,**

**and**

**Mary M. Hoffner, Appellant.**

**No. 88CA1364.**

Colorado Court of Appeals, Div. I.

July 27, 1989.

Allen, Rogers, Metcalf & Vahrenwald, Thomas W. Metcalf, Fort Collins, for appellee.

Arthur P. Roy, Greeley, for appellant.

PIERCE, Judge.

In this dissolution of marriage action, the issue before us is whether the appeal should be dismissed without prejudice for lack of a final judgment. We conclude that no final judgment has been entered by the trial court, and therefore, we dismiss the appeal without prejudice.

On June 23, 1988, the trial court dated and signed a written judgment with respect to the permanent orders. This written judgment was entered into the register of actions on the same date. The written judgment reserved jurisdiction over certain real property and directed the parties to negotiate division of that property.

On August 12, 1988, after the parties had failed to arrive at an agreed division of the property, the trial court conducted a hearing, orally ordered the sale of the property, and directed counsel to prepare a written order. Although the oral order is reflected in the register of actions, no written order appears in the record. On September 12, 1988, the notice of appeal was filed in this court.

On April 13, 1989, this court issued an order to show cause why the appeal should not be dismissed for lack of a final, appealable judgment because no written judgment as to the August 12, 1988 order had been prepared, dated, and signed by the trial court as required by C.R.C.P. 58(a) (1988 Cum.Supp.) (amendment effective April 1, 1988). Appellant, Mary M. Hoffner, responded arguing that: (1) the August 12, 1988, oral ruling was *nunc pro tunc* to the June 23, 1988, written judgment and that, consequently, the judgment was final; and (2) if the court determines that the judgment was not final, the case should be remanded to the trial court for entry of final judgment rather than be dis-

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).

missed without prejudice. We reject each of these arguments.

Under C.A.R. 1(a), this matter is reviewable only if taken from a final judgment. A final judgment is one which: "ends a particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

However, C.R.C.P. 58(a), as now in effect, provides that all jury verdicts or trial court orders or judgments must be in writing. Consequently, for there to be a final judgment there must be a written order, dated and signed by the trial court. *See generally Sayat Nova, Inc. v. District Court,* 619 P.2d 764 (Colo.1980); *Poor v. District Court,* 190 Colo. 433, 549 P.2d 756 (Colo.1976); *Joslin Dry Goods Co. v. Villa Italia, Ltd.,* 35 Colo.App. 252, 539 P.2d 137 (1975). *See also Moore & Co. v. Williams,* 672 P.2d 999 (Colo.1983).

This is the rule regardless of whether the August 12, 1988, oral ruling concerning the real property was *nunc pro tunc* to the date of the previous written order. As it was not reduced to writing and dated and signed by the trial court, the matter is not reviewable.

Therefore, the appeal must be dismissed. *See Fiebig v. Wheat Ridge Regional Center,* —— P.2d —— (Colo.App. No. 87CA1897, April 27, 1989); *English v. Colorado New Beer Manufacturing Co.,* 77 Colo. 288, 236 P. 783 (Colo.1925).

Appeal dismissed without prejudice.

HUME, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The issue before us is whether a premature notice of appeal must be dismissed because of lack of jurisdiction. I submit that the jurisdiction of this court does attach on the filing of a notice of appeal. *See* C.A.R. (3)(a).

Further, I find guidance in *Lewis v. B.F. Goodrich Co.,* 850 F.2d 641 (10th Cir.1988). *Lewis* overruled *A.O. Smith Corp. v. Sims Consolidated, Ltd.,* 647 F.2d 118 (10th Cir. 1981) which had held a perfected final judgment to be jurisdictional. The *Lewis* court surveyed all other federal appellate courts which had addressed the issue and determined that none of them hold dismissal of an appeal to be mandated because of a technical defect in the entry of a final judgment. The *Lewis* court concluded, and I agree, that a dismissal not only places undue financial burden on litigants but is also an unnecessary waste of judicial resources. Hence, I would not follow *Fiebig v. Wheat Ridge Regional Center,* —— P.2d —— (Colo.App. No. 87CA1897, April 27, 1988).

Therefore, I would remand to the trial court for purposes of curing the technical defect needed here to perfect a final judgment.