**In re the MARRIAGE OF Olle S. FORSBERG, Petitioner,**

**and**

**The Estate of Mildred J. Forsberg, By and Through Susan P. Jopp Dewey, Personal Representative, Respondent.**

**No. 88SC55.**

Supreme Court of Colorado,
En Banc.

Nov. 27, 1989.

James L. Gilbert & Associates, P.C. James L. Gilbert, Arvada, for petitioner.

Polidori, Rasmussen, Gerome & Jacobson Peter L. Franklin, Lakewood, for respondent.

Justice ROVIRA delivered the Opinion of the Court.

On certiorari review, husband, Olle Forsberg, challenges the court of appeals order dismissing his appeal on the ground that it was not filed in a timely manner. Because the trial court's oral ruling on post-trial motions within sixty days was sufficient to

satisfy the requirements of C.R.C.P. 59(j), and because the husband's appeal was filed within forty-five days after the mailing of judgment, we remand the case to the court of appeals with directions to reinstate the husband's appeal.

## I.

In this dissolution of marriage action, the trial court entered permanent orders on January 17, 1986. Thereafter, husband and wife[1] filed post-trial motions on or before February 10, 1986.[2] On March 13, 1986, the trial court held a hearing on all pending motions. At the conclusion of the hearing, the trial court made an oral ruling from the bench which disposed of all the motions.[3] A minute order reflecting the trial court's ruling was entered on the same date. Both parties and their attorneys were present when the court ruled on the motions. The trial court directed wife's counsel to prepare a written order within twenty days.

Wife's counsel prepared an order and submitted it to husband's counsel on March 17, 1986. Husband's attorney declined to sign the order because of a disagreement as to its form. Wife's attorney then submitted the written order to the trial court, without signature of the attorneys, on April 23, 1986. Husband filed his objections to the proposed order on April 28, 1986. The trial court overruled husband's objections and issued the written order on May 12, 1986, *nunc pro tunc*, March 13, 1986. The order was entered into the register of actions on that date. However, no notice of the entry of the order was sent to husband's attorney. On July 3, 1986, husband's attorney made written inquiry to the court concerning whether the order had been signed.[4] In response, the court mailed a copy of the order to husband's attorney on July 8, 1986. On August 7, 1986, the husband filed his notice of appeal.

After the wife moved to dismiss for lack of jurisdiction, the court of appeals held that pursuant to C.R.C.P. 59(j), the last post-trial motion was deemed denied on April 11, 1986, sixty days after it was filed. Therefore, since husband's notice of appeal was not filed within forty-five days of April 11, 1986, the appeal was not timely, mandating dismissal.

## II.

The husband contends that C.R.C.P. 59(j) does not apply where the trial court orally rules on all pending post-trial motions within sixty days, even though the court's written order is signed and entered after the sixty-day period. We agree.

C.R.C.P. 59(j), 7A C.R.S. (1988), provides:

---

**1.** The wife, Mildred Forsberg, was a party to this action until her death on July 15, 1986. Thereafter, the wife's personal representative was substituted as a party on October 9, 1986. For purposes of simplicity, we will use the term "wife" to represent both Mildred Forsberg and her personal representative.

**2.** The husband filed a motion to amend on January 31, 1986. This motion was denied, without a hearing, on February 3, 1986. Also on February 3, 1986, the trial court extended the time within which both parties could file post-trial motions to February 10, 1986. On February 10, 1986, the wife filed motions to clarify, alter and amend judgment, and for a new trial. In the husband's February 28, 1986 response to the wife's motions, he requested the court to reconsider his motion to amend, and on March 13, 1986, he filed a motion pursuant to C.R.C.P. 60(b), requesting relief from the court's judgment. Because the husband's request for reconsideration of his earlier motion was not filed in the form of a post-trial motion, and because a motion made pursuant to C.R.C.P. 60(b) does not suspend the time for filing a notice of appeal under C.A.R. 4, the last operative post-trial motion was the wife's February 10, 1986 motion. We therefore use the February 10, 1986 date in considering the effect of C.R.C.P. 59(j) on the husband's right to appeal.

**3.** The trial court granted wife's motion to clarify, alter and amend the judgment in part, and denied her motion for a new trial. Husband's C.R.C.P. 60(b) motion was denied, but his motion for a stay of execution was granted.

**4.** The husband submitted an affidavit by his attorney which stated that the attorney's office had made several prior inquiries as to the status of the order, but had been informed by the court clerk that the order had not been signed. Because we cannot determine from the affidavit whether the inquiries were made before or after May 12, 1986, we do not address how the right to appeal may be affected if a party receives erroneous information concerning the status of an order.

The court shall determine any post-trial motion within 60 days of the date of the filing of the motion. Where there are multiple motions for post-trial relief, the time for determination shall commence on the date of filing of the last of such motions. Any post-trial motion that has not been decided within the 60–day determination period shall, without further action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date.

This rule was enacted to eliminate the problem of post-trial delay at the trial court level prior to appellate proceedings. *Canton Oil v. District Court*, 731 P.2d 687 (Colo.1987). The purpose of the rule is furthered when the trial court takes some conclusive action on a post-trial motion. *Id.* at 693.

We have held that the word "determine" means "to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act." *Swift v. Smith*, 119 Colo. 126, 136, 201 P.2d 609, 614 (1948). *Black's Law Dictionary* 536 (4th ed. 1951), defines the word "determine" as "to bring to a conclusion, to settle by authoritative sentence, to decide; to adjudicate." Here, the trial court fully decided all of the pending post-trial motions and performed a judicial act in ruling from the bench and entering a minute order. As a result, we believe that the post-trial motions were "determined," as required by C.R.C.P. 59(j).

Support for our interpretation may be found in several California cases interpreting a provision very similar to our own. Prior to 1959, section 660 of the California Code of Civil Procedure provided that:

5. We note that the term "pass" is synonymous with "determine," meaning "to examine into anything and then authoritatively determine the disputed questions which it involves." *Black's Law Dictionary* 1279 (4th ed. 1951).

6. In 1959, California amended Rule 660 to clarify whether an order must be signed and entered within sixty days to satisfy the rule. In response to several cases which held that an oral ruling was sufficient to stay operation of the rule, the following language was added:

The power of the court to pass [5] on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said sixty (60) days, the effect shall be a denial of the motion without further order of the court.[6]

The California Supreme Court held that this provision sets no limit on the time when the court, after pronouncement of its determination, must sign and file its order. The court stated that "the language of section 660 of the Code of Civil Procedure indicates that, so long as the court 'passes' on the motion within the sixty-day period, it has lawfully exercised its jurisdiction to determine the motion, and the filing of the formal order or findings and judgment 'thereafter,' when the time of filing is subsequent to the last day of the sixty-day period, does not amount to a denial of the motion by operation of law." *Spier v. Lang*, 4 Cal.2d 711, 715, 53 P.2d 138, 140 (1935); *De Arman v. Connelly*, 134 Cal. App. 173, 25 P.2d 24 (1933); *Holland v. Superior Court*, 121 Cal.App. 523, 9 P.2d 531 (1932).

### III.

■ Having decided that the trial court determined the post-trial motions within the time permitted by C.R.C.P. 59(j), we next consider whether the husband's appeal was filed in a timely manner. C.A.R. 4(a) provides for the filing of civil appeals, stating:

A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed.

In a civil case ... the notice of appeal ... shall be filed ... within forty-five days of the date of the entry of the judgment or order appealed from if the parties are present at the time such judgment is announced.... If notice of the entry of judgment is transmitted to the parties by mail, the time for the filing of the notice of appeal shall commence from the date of the mailing of the notice....

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the trial court by any party pursuant to the Colorado Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this section (a) commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules ... granting or denying a motion under Rule 59, C.R.C.P., to alter or amend the judgment.... A judgment or order is entered within the meaning of this section (a) when it is entered in the civil docket. If the parties are not personally present at the time of the announcement of any of the above enumerated orders and notice is transmitted by mail, the full time for appeal fixed by this subdivision commences to run from the date of the mailing of said notice.

It is apparent that this rule sets up two distinct time frames for filing a notice of appeal. If the parties are present when an order is announced, the time to appeal commences from entry of judgment, whereas if the appealing party is notified of the judgment by mail, the time to appeal runs from the date of mailing. *Moore & Co. v. Williams*, 672 P.2d 999 (Colo.1983). Thus, we must determine into which category the present case falls. This determination, in turn, depends on the construction to be given the word "announced."

Here, both parties and their counsel were present when the trial court orally ruled on the post-trial motions. Therefore, if such oral ruling constitutes an "announcement,"

the husband filed his appeal too late. However, the trial court directed the wife's attorney to prepare a written order which was not signed until May 12, 1986. Neither the parties nor their attorneys were present when the written order was signed. Therefore, if the signing of the order constitutes the "announcement," the time to file an appeal would begin to run only when such order was mailed to the parties.

To aid us in interpreting C.A.R. 4(a), we look to the version of C.R.C.P. 58 which was in effect at the time that this case arose.[7] There, we find essentially the same distinction, whereby the time to file post-trial motions depended on whether the parties were present when judgment was entered. C.R.C.P. 58(a), 7A C.R.S. (1986), provided, in pertinent part:

If judgment is entered under the provisions of this rule when counsel or any party not represented by counsel is not present, ... the clerk of the court shall mail a written notice of the entry of the judgment ... and the full time for filing of a motion for post-trial relief or an appeal shall commence to run from the date of mailing.... If the court makes an oral ruling from the bench and directs counsel to prepare a written order of judgment, the judgment shall not be entered or be effective until the court signs the written order of judgment.

In all other cases, the time for filing post-trial motions ran from the date of entry of judgment. Thus, C.R.C.P. 58 drew a distinction depending on whether the parties were present at the time that judgment was "entered," whereas C.A.R. 4(a) looks to whether the parties are present when the judgment is "announced." Further, C.R.C.P. 58 specifically stated that the time for filing an appeal depended on whether the parties were present when judgment was entered.

We believe that the rules should be construed in harmony whenever possible. It appears that C.R.C.P. 58(a) and C.A.R. 4(a)

---

7. C.R.C.P. 58 was substantially amended on November 12, 1987. The new version of C.R.C.P. 58 became effective on April 1, 1988.

intended to create the same distinction between cases in which the parties are present and cases in which an order or judgment must be mailed to the parties. The reason for such a distinction is obvious. If the parties are present when a decision is made, they know that the time to file a post-trial motion or an appeal has commenced. In contrast, when a decision is made outside the presence of the parties, they cannot know that the time to file such appeal or post-trial motion has commenced, until notified by the trial court. The provisions of C.A.R. 4(a) must be interpreted to reflect this distinction, so that a · party knows that the time to appeal has commenced before such time expires.

Here, although the parties were present when the trial court orally ruled on their motions, they were not present when such order was signed in its final form. As a result, they could not know that the time for appeal had commenced, until notified by mail. Therefore, the time to appeal did not begin to run · until the parties were notified by mail that the order had been signed and entered.

In a case very similar to the case at hand, we interpreted C.A.R. 4(a) so as to determine the time for appeal based on whether the parties were present when the final orders were signed and entered. In *Poor v. District Court*, 190 Colo. 433, 549 P.2d 756 (1976), the trial court made oral findings in a dissolution of marriage action on November 4, 1975. The court directed the wife's attorney to prepare a written order within twenty days. However, the written order was not signed and entered until January 9, 1976. No notice was given to the husband's attorney that the order had been signed. We stated:

> This document did not contain the signed approval of the attorneys for the parties, nor did it reflect that a copy of it was mailed to the petitioner's attorney. The beginning of the time period for appeal is governed in such a case by the date of mailing of notice of judgment since the parties were not present when the final orders or judgment was entered on January 9, 1976.

*Id.* at 436, 549 P.2d at 757–58. We then went on to hold that the time period for filing a motion for a new trial should also be governed by the date of mailing.

Where, as here, a trial court determines a post-trial motion within sixty days and requires one of the parties to prepare a written order, but the court never advises the parties of the entry of the order, an interpretation of C.A.R. 4(a) which would permit a party's appellate rights to expire before he is notified that the order has been entered is fundamentally unfair. *See Mountain States Tel. & Tel. Co. v. Department of Labor*, 184 Colo. 334, 520 P.2d 586 (1974) (litigant entitled to notice of decisions which affect property interests in relation to appellate remedies).

We therefore hold that the husband's appeal was filed in a timely manner, and remand this case to the court of appeals with directions to reinstate his appeal.

Justice VOLLACK does not participate.